# Frederick *v.* Wilbourne, *et al.*

## Ejectment.

(Decided November 23, 1916.   Rehearing denied December 30, 1916.
73 South. 442.)

1. **Wills; Probate; Foreign Common Form.**—The probate of a will in common form under § 3855, Georgia Civil Code 1910 (which provides for the probate of a will in common form without notice, which shall not be conclusive upon one interested adversely to the will) was not a judgment entitled to full faith and credit under Article 4, Section 1, of the Federal Constitution and U. S. Compiled Stat. 1913, § 1519, in the courts of other states.

2. **Descent and Distribution; Real Estate; Law Governing.**—A due regard for the security, independence and dignity of a sovereign state, requires that its laws shall govern exclusively the descent or heirship of real estate within its jurisdiction.

3. **Wills; Probate; Decree; Effect.**—The probate of a will by a court of competent jurisdiction operates upon the thing itself, defines its status, and the judgment or decree is an adjudication in rem, which, unless avoided in some legal way, binds and concludes the whole world.

4. **Same; Contest; Interest of Estate.**—Although a contest of the right to probate an instrument is seasonably instituted, the estate of the testator is not interested, as the result of the contest would not affect the quantum of the estate.

5. **Same.**—The issue in a proceeding to probate a testamentary instrument is will or no will, and it is the determination of the status of the instrument propounded for probate that affords the res upon which the court's jurisdiction is visited.

6. **Same; Foreign Wills.**—In view of subdivision 3, § 6182, Code 1907, where a testator dies out of the state, having a domicile outside the state, leaving real estate within the state and county, it was not a condition precedent to the attaching of the jurisdiction of the probate court of the county, upon the petition to probate the will, that such will should be first probated in the state of the testator's domicile.

7. **Domicile; Evidence; Presumption.**—Where a testator in a will declared his residence to be in Alabama, and the probate court judicially confirmed that fact by decree, it might be soundly asserted that the presumption of the continuance of that place as his domicile prevailed to establish a domicile at the time of his death at the place claimed in the will, until he acquired another domicile.

8. **Judgment; In Rem; Conclusiveness; Domicile.**—The ascertainment by a court of competent jurisdiction of the fact and place of domicile of a decedent in a proceeding in rem does not conclusively bind the courts of another sovereign jurisdiction as to the fact and place of domicile of decedent.

9. **Wills; Probate; Conclusiveness of Decree.**—Where a decree probating a will has not been set aside or reversed, or its effect annulled by a successful contest under § 6207, Code 1907, it was valid and finally effectual in the prem-

ises, unless the voluntary appearance of the caveators in the courts of Georgia, and the contest therein of the probate of another will by the same testator worked an estoppel.

10. **Same.**—Except as provided by § 6191, the state of Alabama has not surrendered its exclusive authority to determine for itself the existence of will or no will, to govern the devise of real estate situated within its borders.

11. **Same; Effect of Foreign Probate of Another Will.**—Where a testator was domiciled and died in Georgia, but had property in Alabama, a decree of the court of the county where his property was situated admitting his will to probate was not affected by the subsequent action of the courts of the state of Georgia in admitting to probate another will, and the attempted ancillary probate of the Georgia instrument was void.

. 12. **Same.**—Where the Alabama court had jurisdiction to probate a will, disposing of property located in that county, the refusal of the court of Georgia to recognize its decree upon petition for an appeal by a caveator would not estop such caveator to assert his rights in consequence of the Alabama decree.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Statutory ejectment by Mittie E. Frederick as administratrix of the estate of Thomas W. Ansell, deceased, against J. H. Wilbourne and others. Judgment for defendants and plaintiff appeals. Affirmed.

RYALS & ANDERSON, and FARMER & FARMER, for appellant. B. F. REID, for appellee.

McCLELLAN, J.—This is an action of statutory ejectment, instituted by the appellant against the appellees, to recover the possession of certain real estate situate in Houston county, Ala. The litigation arose out of the conflict resulting from the probate of two alleged wills of Thomas W. Ansell, deceased, one in and through the courts of the state of Georgia and the other in and through the probate court of the State of Alabama. Under the testamentary instrument probated in the courts of the state of Georgia, the appellant, Mittie E. Frederick, who was named as executrix therein, would succeed to the right and title of Thomas W. Ansell in and to the real estate in question. Under the testamentary instrument probated in the Alabama court, executed subsequent to the Georgia will and by its terms revoking all previous wills, the appellee J. H. Wilbourne and his successors in asserted right and title would succeed to the right and title of Thomas W. Ansell in and to the real estate in question. One

of the two questions presented is: Which of these testamentary instruments was and is operative to effect the investiture of the title to the land in controversy?

Thomas W. Ansell died in Macon, Ga., on December 19, 1911. He owned property in the states of Alabama and Georgia. On December 10, 1910, he executed in Bibb county, Ga., a testamentary instrument, whereby he bequeathed and devised all his property to his sister, Mittie E. Frederick, the appellant. In the opening sentence of this instrument he asserted, in effect, that his domicile was in the city of Macon, Bibb county, Ga. On December 27, 1911, following a petition to probate this instrument in common form, the court of ordinary of Bibb county, Ga., effected probate thereof in common form. Under this proceeding letters testamentary were issued by the Georgia court to the appellant. On January 23, 1912, J. H. Wilbourne filed his petition in the probate court of Houston county, Ala., asking the probate therein of a testamentary paper executed by Ansell on August 8, 1911, which, if made effectual as a will, established said Wilbourne as the sole legatee and devisee of Ansell, and named Wilbourne as its executor. In the testamentary instrument thus exhibited to the probate court of Houston county, Ala., it was recited that Ansell was a resident of Dothan, Houston county, Ala. In this petition for probate of the instrument of date August 8, 1911, no affirmative allegation of Ansell's place of domicile at the time of his death was made. The petition does aver the death of Ansell, and the fact that he left assets in Houston county, Ala. On that date, January 23, 1912, the probate court of Houston county set the hearing of Wilbourne's petition for February 19, 1912; and provided for notice of the filing and of the time set for the hearing of this petition by personal service and by publication to parties in interest; but this hearing was later regularly continued by the probate court of Houston county to March 11, 1912. On February 6, 1912, Mittie E. Frederick filed a petition in the court of ordinary of Georgia, whereby the probate in solemn form of the testamentary instrument of date December 10, 1910, was sought. The Georgia court set the hearing of this petition for the first Monday in March, 1912, and directed that notice, to resident and nonresident parties in interest, of the hearing to thus probate in solemn form should be given, and it was given in accordance with the statutes of the state of Georgia. On March 4, 1912, J. H. Wilbourne filed his

[Frederick v. Wilbourne, et al.]

caveat in the court of ordinary, where the petition for probate in solemn form was then pending, objecting to the admission to record of the said Georgia will on the grounds:    (a) That the said Ansell, subsequently to the making and execution of the Georgia will, did legally execute a second will, which will was made and executed at Dothan, Ala., where the said Ansell resided at that time and at the time of his death, "which will has been offered for probate under the laws of Alabama, and the making of which will was a revocation of the will now here sought to be probated in so far as any personal property is concerned;" (b) that the Georgia will sought to be probated "was not executed conformably with the laws of Georgia, for that the same was not signed by the testator in the presence of all the witnesses, and the witnesses did not sign in the presence of each other; (c) and that the said Georgia will was never published and declared by the testator to be his last will and testament.    On March 11, 1912, the probate court of Houston county, Ala., entered its decree, after notice perfected in accordance with the statutes of this state, in such cases made and provided, probating as the last will and testament of said Ansell the instrument dated August 8, 1911.    This decree adjudicated the place of Ansell's residence as being at Dothan, Houston county, Ala., at the time he executed the instrument of date August 8, 1911; but the decree does not expressly adjudicate the place of Ansell's domicile at the time of his death.    On May 29, 1912, J. H. Wilbourne filed in the court of ordinary of Bibb county, Ga., a petition, praying that that court admit to its records the Alabama will which had been probated in the Houston county probate court by its decree of March 11, 1912, and that letters testamentary issue to him, it being averred in this petition of Wilbourne's that Ansell was a resident of Houston county, Ala., but temporarily sojourning in Georgia at the time of his death, and that the instrument so probated in Alabama was the last will and testament executed by Ansell.    On June 1, 1912, the court of ordinary, after the hearing of the issues made by the petition and by the caveat interposed by Wilbourne, who appeared in that tribunal, entered its judgment, overruling and denying all of the grounds of the caveat, established and probated in solemn form as the last will and testament of said Ansell the instrument dated December 10, 1910, admitted it to record as the last will and testament of said Ansell, and accordingly issued letters testamentary to Mittie E.

[Frederick v. Wilbourne, et al.]

Frederick, the executrix named therein. On the same day the court of ordinary, after appearance by Wilbourne and hearing of his petition to have the Alabama will, already admitted to probate in Alabama, admitted to record in that court, denied and disallowed the petition to that end. On June 4, 1912, the caveators effected an appeal to the superior court of Bibb county, Ga., from these unfavorable decrees entered, after hearing, by the court of ordinary of Bibb county, Ga. On June 4-6, 1913, the superior court of Bibb county, Ga., after trial by jury of the issues tendered by the caveat and by the petition to admit the Alabama will to record, entered a judgment, consistent with the jury verdicts, to the same effects as were attained by the court of ordinary of Bibb county, Ga. On November 6, 1913, the probate court of Houston county, Ala., in accordance with a petition to that end filed therein by Mittie E. Frederick as executrix of the Georgia will, admitted the Georgia will, as a foreign will, to record in the Houston county probate court, and ordered issued and issued to the executrix letters testamentary as upon an effectual ancillary probate of the Georgia will in this state.

The following statutes of the state of Georgia (Civ. Code 1910), appear from the evidence to have been in force at the time the mentioned proceedings were there had:

"Sec. 3855. Probate of a will may be either in common or solemn form. In the former case, upon the testimony of a single subscribing witness and without notice to any one, the will may be proved and admitted to * * * record. But such probate and record is not conclusive upon any one interested in the estate adversely to the will; and if afterwards set aside, does not protect the executor in any of his acts further than the payment of the debts of the estate. Purchasers under sales from him, legally made, will be protected, if bona fide and without notice.

"Sec. 3856. Probate by the witnesses, or in solemn form, is where, after due notice to all the heirs at law, the will is proven by all the witnesses in existence and within the jurisdiction of the court, or by proof of their signatures and that of the testator, the witnesses being dead, and ordered to record; such probate is conclusive upon all the parties notified, and all the legatees under the will who are represented in the executor.

"Rec. 3857. Probate in common form becomes conclusive upon all parties in interest, after the expiration of seven years from the time of such probate, except minor heirs at law, who require

[Frederick v. Wilbourne, et al.]

proof in solemn form and interpose a caveat at any time within four years after arrival at age. In such cases, if the will is refused probate and record in solemn form, an intestacy shall be declared only as to such minor, and not as to others whose right to caveat is barred by lapse of time.

"Sec. 3858. Probate in common form may be taken by the ordinary at any time during vacation, but the order admitting the will to record and granting letters testamentary, shall be granted at a regular term.

"Sec. 3859. Notice of a motion for probate in solemn form must be personal, if the party resides in the state, and at least ten days before the term of the court when the probate is to be made; if the residence be without the state, or unknown, then the court shall pass such order, as to publication, as will tend most effectually to give notice. The records of the court shall show the persons notified, and the character of the notice given."

"Sec. 3864. The original will when proved and recorded, shall remain on file in the office of the ordinary, and certified copies thereof shall be evidence in any cause and in any court in this state."

(1) Since the Georgia statute (section 3855, ante) forbade any character of notice, to parties in interest, of the proceedings to probate in common form, and since that statute expressly denied to the proceedings to probate in common form any effect that could or would conclude persons adversely interested to the will as these appellees were, the fact of the court of ordinary in probating the Georgia will in common form was in consequence of a proceeding ex parte only, and was without any prejudicial or concluding operation upon the rights of the defendants (appellees) in this action. Though expressed by a court, the declaration of probate in common form did not rise to the dignity of a judgment to which, under the Constitution of the United States (article 4, § 1), and the act of Congress (U. S. Comp. St. 1913, § 1519), full faith and credit were, in any degree, due to be extended by the courts of other states.—*Rose v. Himely,* 4 Cranch, 241, 277, 2 L. Ed. 608; *Windsor v. McVeigh,* 93 U. S. 274, 23 L. Ed. 914; *Hassall v. Wilcox,* 130 U. S. 493, 504, 9 Sup. Ct. 590, 32 L. Ed. 1001; *Robertson v. Pickrell,* 109 U. S. 608, 3 Sup. Ct. 407, 27 L. Ed. 1049; *Overby v. Gordon,* 177 U. S. 214, 222, 223, 20 Sup. Ct. 603, 44 L. Ed. 741. So, for the purposes of the determination of the rights of the parties to the subject-matter in-

volved in this controversy, the admission of the Georgia will to probate in common form, on December 27, 1911, must be laid out of view. It should be said, in order to avoid any possibility of misunderstanding of this ruling, that if, before the petition of Wilbourne was filed in the probate court of Houston county on January 23, 1912, the jurisdiction of the probate court of Houston county had been properly invoked to grant ancillary probate, under Code, § 6191, of the instrument thus probated in common form by the Georgia court, a very different question would be presented. See *Goodman v. Winter*, 64 Ala. 410, 38 Am. Rep. 13. As appears from our statement of the case, no effort was made in this state, before March 11, 1912, to avail of the ancillary probate of a foreign will under the provisions of Code (Alabama) § 6191. So far as is presently important, section 6191 reads: "When the testator was not, at the time of his death, an inhabitant of this state, and his will has been duly proved in any other state or country, it may be admitted to probate in the proper court of this state in the manner following:

"(1) If the will has been admitted to probate out of the state, but within the United States, such will, or a copy of the same, and the probate thereof, must be certified by the clerk of the court in which the same is proved, with the certificate of the judge, or one of the judges of such court, that the attestation is genuine, and by the proper officer; and if the will is proved before a court not having a clerk, or before an officer who is his own clerk, the certificate of the judge of such court or officer, stating such fact, is sufficient."

(2) A due regard for the security, independence, and dignity of a sovereign state requires that the lex rei sitæ shall govern exclusively the devise, descent, or heirship of real estate within its jurisdiction.—*Brock v. Frank*, 51 Ala. 85, 88, 89; *Overby v. Gordon, supra.*

(3) The probate of a will, in a court jurisdictioned to so decree, is a proceeding in the nature of a proceeding in rem, and a decree or judgment granting probate has the force and effect usually attributed to adjudication in rem.—*Deslonde v. Darrington*, 29 Ala. 92; *Dickey v. Vann*, 81 Ala. 425, 8 South. 195; *Martin v. King*, 72 Ala. 354; *Leatherwood v. Sullivan*, 81 Ala. 458, 1 South. 718; *Brock v. Frank, supra;* note at page 557-559, 94 Am. St. Rep. When the power of a court, possessing adequate jurisdiction, is properly invoked to probate a testamentary instru-

ment, the res upon which the judicial power operates is the instrument itself; though, of course, if the probate thereof is effected, the result is to establish rights in or title to property. The probate "operates upon the thing itself. It defines, and, in a great degree, creates, its status. That status, thus defined, adheres to it as a fixture; and the judgment or decree in the premises, unless avoided in some method prescribed by law, binds and concludes the whole world."—*Deslonde v. Darrington, supra.*

(4) Even though a contest of the right to probate the instrument is seasonably instituted—thus and thereby, in a measure, creating a suit inter partes—still "the estate of the testator is not interested;" for the result of the contest will not serve to affect the quantum of the estate in any degree.—*Kumpe v. Coons,* 63 Ala. 448, 455.

(5) The issue in a proceeding to probate a testamentary instrument is will or no will.—*Matthews v. McDade,* 72 Ala. 377, 386. It is the determination of the status of the testamentary instrument propounded for probate that affords the res upon which the court's jurisdiction is visited.—*Martin v. King,* 72 Ala. 354, 360.

(6) It, therefore, appears that the res submitted to, and invoking the jurisdiction of, the probate court of Houston county, Ala., through the petition, filed January 23, 1912, to probate the testamentary instrument of date August 8, 1911, was a subject-matter distinct from the res submitted to, and invoking the jurisdiction of, the Georgia court of ordinary, through a petition filed February 6, 1912, to probate the testamentary instrument of date December 10, 1910. Even though it should be assumed that at the time of his death Ansell's domicile was in the state of Georgia, and, also, that the testamentary instrument of date August 8, 1911, was a foreign will, it was not a condition precedent to the attaching of the jurisdiction of the probate court of Houston county, Ala., upon the petition filed therein January 23, 1912, that the testamentary instrument of date August 8, 1911, should be probated in the state of testator's thus assumed place of domicile.—*Varner v. Bevil,* 17 Ala. 286; Code of Alabama, § 6182, subd. 3. It appears, incontestably, that the testator left real estate in Houston county, Ala.

(7) It might be soundly asserted that, since Ansell himself affirmed the place of his residence to be, on August 8, 1911, at Dothan, Houston county, Ala., and since the decree of the probate

.court of Houston county, Ala., judicially confirmed that fact, the presumption of the continuance of that place as his domicile until he acquired another would prevail or obtain to establish Ansell's domicile at the date of his death as being in Dothan, Houston county, Ala.—*State v. Hallett*, 8 Ala. 159; *Talmadge v. Talmadge*, 66 Ala. 199.

(8) While it is not of any particular importance, we may further note, in this connection, that the ascertainment by a court of competent jurisdiction of the fact and place of domicile of a decedent in a proceeding in rem will not conclusively bind the courts of other sovereign jurisdictions as to the fact and place of domicile of the decedent.—*Overyby v. Gordon*, 177 U. S. 214, 20 Sup. Ct. 603, 44 L. Ed. 741; *Robertson v. Pickrell, supra.*

(9) The probate court of Houston county exercised its lawful authority to hear and to determnie whether the testamentary instrument exhibited to it was Ansell's last will and testament. Its powers were exercised and became effectual in a final decree rendered on March 11, 1912. There was no contest instituted by those who were adversely interested to that will. This decree was "a solemn declaration," upon the particular subject-matter, "proceeding from an accredited quarter, concerning the status of the thing adjudicated upon, which very declaration operated [operates] accordingly upon the status of the thing adjudicated upon, and, ipso facto, rendered [renders] it such as it is thereby declared to be."—2 Freeman on Judg. § 606, pp. 1047, 1048; *Martin v. King*, 72 Ala. 360. The decree probating the instrument of date August 8, 1911, has not been set aside or reversed; nor has its force or effect been annulled in consequence of a successful contest of the instrument's validity as a will under the provisions of the Code of Alabama, § 6207, which reads: "Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time within the twelve months after the admission of such will to probate in this state, contest the validity of the same by bill in chancery, in the district in which such will was probated, or in the district in which a material defendant resides."

A longer period within which a contest under section 6207 may be instituted is prescribed by section 6208 of the Code for those under disability.

It is therefore clear that unless the proceedings begun, subsequently, in the Georgia court on February 6, 1912, to probate in

solemn form the testamentary instrument of date December 10, 1910, was efficient to suspend or to render ineffectual the jurisdiction already then awakened and active of the probate court of Houston county, Ala., to adjudicate the status of the testamentary instrument exhibited to the probate court of Houston county, Ala., the decree of the probate court of Houston county, Ala., probating the testamentary instrument of date August 8, 1911, as the prevailing last will and testament of Thomas .W. Ansell, deceased, was valid and finally effectual in the premises, provided, no estoppel, concluding the assertion of right by the appellees under that decree, intervened in consequence of the stated voluntary appearance of the caveators in the courts of Georgia and of the contest therein of the probate in solemn form of the testamentary instrument of date December 10, 1910, a question we will later come to consider and decide.

Our opinion is that the courts of the state of Georgia were powerless to suspend the jurisdiction of the probate court of Houston county, Ala., which was awakened to active exercise on January 23, 1912, when J. H. Wilbourne filed his petition therein to probate the will of date August 8, 1911. It appeared from the petition that Ansell died seised and possessed of real estate situate in Houston county, Ala. There was then pending in this state no proceeding for the ancillary probate of any other testamentary instrument than that submitted to the jurisdiction of the probate court of Houston county through the petition of January 23, 1912. As stated, the probate court of Houston county, Ala., was a tribunal adequately jurisdictioned to determine the status of the testamentary instrument there propounded. This court, in *Worthy v. Lyon,* 18 Ala. 784, expressly recognized the principle, suggested by considerations which would avoid a conflict of jurisdictions wherefrom would attend great inconvenience and hardship, that the courts of this sovereignty would not attempt to entertain jurisdiction of the administration or settlement of an estate when those functions have been rightfully and previously entered upon by the courts of another sovereignty in respect of a subject-matter within the control of that other sovereignty.

A like principle must have application in this instance where the subject-matter is real estate situate in this state.

(10) Except as this state, through legislation, has expressed its consent to the probate of a foreign will under the circumstances stipulated in section 6191 of the Code of Alabama, this

state has not surrendered its exclusive authority to determine for itself the existence of will or no will to govern the devise of real estate situate within its borders.—*Overby v. Gordon,* 177 U. S. 223, 20 Sup. Ct. 603, 44 L. Ed. 741; *Robertson v. Pickrell,* 109 U. S. 608, 3 Sup. Ct. 407, 27 L. Ed. 1049.

(11) Just as the petition of January 23, 1912, to probate in the Alabama court the instrument of date August 8, 1911, preceded the petition of February 6, 1912, to probate in solemn form in the courts of Georgia the instrument of December 10, 1910, so the decree of the probate court of Houston county, rendered March 12, 1912, probating the instrument exhibited to it, preceded the decree of the Georgia court, granting probate in solemn form to the instrument there propounded for probate. Our conclusion is that the decree of the probate court of Houston county, rendered on March 12, 1912, established the testamentary instrument of date August 8, 1911, as the last will and testament of Thomas W. Ansell governing the devise of the land involved in this suit. A necessary consequence of this conclusion is that the probate court of Houston county, Ala., was without jurisdiction to contradict, set aside, and annul its older, valid decree rendered March 11, 1912, through the attempted ancillary probate on November 6, 1913, of the testamentary instrument of date December 10, 1910, previously probated in solemn form in the courts of Georgia. The act, in that respect, of the probate court of Houston county, was wholly void.

(12) The other proposition pressed for appellant is that the judgments of the courts of Georgia, assuming to there probate in solemn form the testamentary instrument of date December 10, 1910, operated to estop the appellees by the application of the doctrine of res adjudicata to claim or to assert any right to the land lying in Alabama in consequence of the decree of the probate court of Houston county, Ala., probating the testamentary instrument of date August 8, 1911. In the caveat filed by Wilbourne on March 4, 1912, the fact that the testamentary instrument of date August 8, 1911, had been offered for probate under the laws of Alabama, a proceeding then pending to adjudicate upon the res submitted to the Alabama court, was brought to the attention of the Georgia court of ordinary. Subsequently, on May 29, 1912, and before the court of ordinary entered its judgment in the premises, Wilbourne presented to that court the further fact that the probate court of Houston county, Ala.,

had granted and effected the probate of the instrument to which he had made reference in his caveat filed on March 4, 1912. The effect of his presentation to the Georgia courts of the valid decree of the probate court of Houston county, Ala., rendered March 12, 1912, establishing the instrument of date August 8, 1911, as the last will and testament of Ansell, could not, in any event, become the basis for the application of the doctrine asserted, since to affirm otherwise would have been to penalize the beneficiary under the will probated in this state for there asserting the manifest right with which he had become invested through the valid decree rendered by the probate court of Houston county. Whether the courts of Georgia should have accorded to this decree of the probate court of Houston county, Ala., the "full faith and credit" due to be accorded to it in the courts of Alabama, to the end of governing the devolution of property subject to the jurisdiction of the state of Georgia, is a question not presented for consideration by this appeal. The probate court of Houston county, Ala., had, undeniably, jurisdiction to inquire into and to determine the status of the res there submitted to its judgment. This jurisdiction is exercised, in a manner and according to the forms of law prescribed in this state. The courts of Georgia were powerless to set aside or reverse that decree. It became and was the law of the estate of Ansell; at least so far as immovable elements of his estate were situate in the state of Alabama. Wilbourne sought to avert in the courts of Georgia the probate in solemn form of a previously executed and utterly opposite testamentary instrument which this appellant was promoting in the courts of Georgia. As stated, this effort of the caveator was consistent with the rights he enjoyed in consequence of the probate effected in Alabama. The only possible inquiry open to the courts of Georgia was whether the state of Georgia would recognize the probate of the later instrument by a competent court in this state to control the disposition of the assets of Ansell subject to the jurisdiction of the state of Georgia. Neither the caveat nor the petition filed by Wilbourne could be interpreted to any other effect than this. The judicial denial of his appeal to the courts of Georgia can be accorded no greater effect than that the courts of the state of Georgia declined (whether correctly or not we need not decide) to recognize the valid decree of the probate court of Houston county, Ala., by which he sought to prevent unfavorable action upon the assets of the estate of Ansell which, if unde-

[Vance v. Morgan, et al.]

flected by the decree of the courts of Georgia, would come to him under the instrument validly probated in the probate court of Houston county, Ala. The rulings of the court below accord with these principles. The judgment is without error. It is affirmed. Affirmed.

SAYRE, GARDNER, and THOMAS, JJ., concur.