(85 South. 38)

DOBBS v. BRUNSON.　(5 Div. 317.)

(Court of Appeals of Alabama. Jan. 13, 1920.)

1. ELECTIONS ☞293(1)—EVIDENCE AS TO LEGAL VOTES REJECTED INADMISSIBLE, WHERE OFFERED WITHOUT NOTICE.

Code 1907, § 1168, provides for contesting election of city officers, in manner of contesting election for judge of probate, which is provided for in section 470, being a part of article 23, and section 461, in same article, provides that no testimony of rejection of legal votes must be received without notice thereof in writing to the adverse party, so it was not error, without such notice, to exclude evidence of alleged legal ballots in a contest for mayor; contests being unauthorized, except by statute, which must be strictly complied with.

2. ELECTIONS ☞305(8)—EXCLUSION OF EVIDENCE WAS HARMLESS, WHERE CASE MUST BE DISPOSED OF ON OTHER GROUNDS.

In an appeal of an election contest case, it is unnecessary to decide whether a certificate of a judge of probate was erroneously excluded from evidence, where the case must be disposed of upon other grounds, so that, if such was error, it was harmless.

3. APPEAL AND ERROR ☞1078(1) — ASSIGNMENT OF ERROR WAIVED BY FAILURE TO ARGUE.

An assignment of error, not argued or insisted upon in appellant's brief, is waived.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

J. W. Dobbs contested the election of T. W. Brunson as Mayor of Tallassee, and from an adverse judgment he appeals. Affirmed. See, also, 202 Ala. 603, 81 South. 545.

P. B. McKenzie, of Tallassee, for appellant.

The provisions of section 461, Code 1907, are not applicable to cases like this.

J. M. Holley, of Wetumpka, J. Sanford Mullins, of Alexander City, and T. J. Hilyer, of Tallassee, for appellee.

Contests of election are of statutory origin, and the statutes must be strictly complied with. 130 Ala. 514, 30 South. 434. This requirement was not met here.

BRICKEN, P. J. Dobbs, appellant, contested the election of Brunson, appellee, as mayor of the town of Tallassee, and from an adverse judgment the contestant appeals to this court.

The assignments of error are based upon the action of the court in excluding testimony offered by appellant, and in rendering judgment for appellee.

[1] The first assignment of error is predicated upon the action of the court in sustaining objection to the testimony of J. F. Wood-

---

all, a witness for contestant. We quote from the bill of exceptions as follows:

"Contestant offered to prove by J. F. Woodall as witness in said cause: That he was one of the managers at the polling place in said election at the last municipal election, on, to wit, September 16, 1918, for the election of mayor and other municipal officers. That at the close of said election he opened up the ballot box with the other managers and counted the ballots cast. That at said election 41 ballots were cast, of which the managers of said election counted 39, of which latter number the contestee received 20 ballots and contestant received 19. That the two ballots not counted were both marked with a cross to the right of the name of contestant. That the managers of said election failed and refused to count said ballots for contestant, marked to the right, instead of to the left, of contestant's name."

It will thus be seen that by this testimony contestant offered evidence "of the rejection of legal votes." Section 1168 of the Code of 1907 provides:

"The election of any person to a city or town office may be contested upon the same grounds and in the same manner provided for contesting elections for judge of probate, so far as applicable."

A contest of the election of a judge of probate is provided for by section 470 of the Code of 1907, which is a part of article 23 of the Code of 1907. Section 461, which is also a part of article 23, provides:

"No testimony must be received of any illegal votes, or of the rejection of any legal votes in any contested election commenced under the provisions of this article, unless the party complaining thereof has given to the adverse party notice in writing," etc.

Contests of election are unauthorized, except by statute, and the statutory requirements must be strictly complied with. Black v. Pate, 130 Ala. 514, 30 South. 434. In the instant case it was not shown that the contestant had given the contestee the proper notice to permit him to offer evidence of "the rejection of any legal votes in any contested election," and it follows that the ruling of the court in this connection is free from error.

[2, 3] It is not necessary to decide whether there was error in refusing to allow the certificate of the judge of probate of Houston county to be offered in evidence, as the above holding disposes of this case, and, if there was error, it would be without injury. Furthermore, the assignment of error relating to the refusal of the court to admit this certificate is not argued and insisted upon in appellant's brief, and is therefore waived.

There was no error in rendering judgment for the contestee. The judgment of the circuit court is affirmed.

Affirmed.