(113 So. 230)

**CAMPBELL et al. v. JEFFERSON COUNTY.**
**(6 Div. 799.)**

Supreme Court of Alabama.   May 26, 1927.

**1. Elections ⬅305(6)—Usual presumptions obtain in support of judgment in election contest.**

The usual presumptions obtain in support of judgment in an election contest, based on material testimony given ore tenus in open court and on documentary evidence.

**2. Elections ⬅291—Contestants have burden of showing illegality changing result as declared on count or canvass of votes.**

In an election contest, the burden of going forward with the evidence in the first place is on the contestants—to show illegality such as changed the result as declared on a count or canvass of the votes and declaration of the result.

**3. Elections ⬅186(4)—Ballot of voter making honest effort and substantially complying with statute should not be rejected.**

Voter should not be disfranchised by rejection of his ballot, in whole or part, when it is clear that he made an honest effort to comply with the law, and has on his part substantially complied with its requirements.

**4. Elections ⬅186(2)—Ballots are not to be rejected for failure of election managers to number them.**

Ballots should not be rejected because not numbered; failure in that respect being that of the managers of the election.

**5. Animals ⬅50(2)—Stock law election is not to be annulled for matter not appearing sufficient to change result (Code 1923, §§ 546, 10213).**

Under Code 1923, § 10213, provision of section 546, that election is not to be annulled for matter which it does not appear would change the result, applies to a stock law election.

**6. Elections ⬅285(3)—Inhibition against evidence on election contest of illegal votes, in absence of notice, applies whatever the ground of illegality (Code 1923, § 551).**

Code 1923, § 551, providing that on election contest no testimony shall be received of any illegal votes unless contestant shall have given notice in writing of number, etc., applies to all illegal votes, whether by reason of residence or precinct, disqualification, or illegal conduct or act of elector.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

Contest of an election by S. M. Campbell and others, contestants, Jefferson County, contestee. From a decree in favor of the contestee, the contestants appeal. Affirmed.

Hugh A. Locke and Frederick V. Wells, both of Birmingham, for appellants.

In order for an election precinct to be changed, the court of county commissioners or other governing body of the county must cause a description of said changed district to be filed in the office of the judge of probate. Notice must be given by the probate judge. Code 1923, §§ 425, 429, 432. An elector shall vote only in his district. Code 1923, § 433. Only bona fide residents in the precinct where a stock law election is held are qualified electors and entitled to vote. Code 1923, §§ 10, 211.

Harsh & Harsh, of Birmingham, for appellee.

The burden is upon contestants to show the illegality of the election upon some ground of the contest. 20 C. J. 238, 239; Shepherd v. Sartain, 185 Ala. 452, 64 So. 57; 9 R. C. L. 1162. Contestee is entitled to gains on recount of ballots as well as suffering deductions on account of ballots not properly counted. 20 C. J. 256. Electors cannot be disfranchised because of the mistakes of others. 9 R. C. L. 1162; Code 1923, § 546. Contestants cannot offer evidence to show that any vote was illegally cast unless contestants have given notice of the name of the voter or voters claimed to have cast illegal votes. Code 1923, § 551.

THOMAS, J. The appeal is a contest of election as to the stock law in district or election precinct No. 47, Jefferson county. The petition of contest was denied by the judge of probate after a hearing of the facts and a recount of the votes cast.

[1, 2] The usual presumptions obtain in support of a judgment in an election contest, based upon material testimony given ore tenus in open court and on documentary evidence. Garrett v. Cuninghame, 211 Ala. 430, 100 So. 845. And the burden of going forward with the evidence in the first place is on the contestants—to show illegality such as changed the result as declared on a count or canvass of the votes and declaration of the result.

[3, 4] And it is the recognized rule or principle that a voter should not be disfranchised by the rejection of his ballot, in whole or in part, when it is clear that he made an honest effort to comply with the law and has on his part substantially complied with the statutory mandate or requirement. Black v. Pate, 130 Ala. 514, 528, 529, 30 So. 434; Garrett v. Cuninghame, 211 Ala. 430, 438, 100 So. 845; 20 C. J. 154, § 184. The several ballots that were

not numbered should not have been rejected by the probate judge on the contest. The failure of duty in the premises was that of the managers of the election (9 R. C. L. 1162, 1163, § 152), and not the result of any act or failure of the voter. A legal voter has the right to express his free choice and wish in the premises, and will not be deprived thereof by reason of the fraud or neglect of election officers. The several ballots, cast on both sides, that were not numbered, clearly indicated the respective wills and choices of the voter. This was sufficient under our system and the statutes having application. Garrett v. Cuninghame, 211 Ala. 430, 439, 100 So. 845. The general subject was given exhaustive treatment in Shepherd v. Sartain, 185 Ala. 460, 64 So. 57; 20 C. J. Elections, § 356.

[5] It should be further stated that the declarations of section 546 of the Code of 1923 are:

"No malconduct, fraud, or corruption on the part of the inspector, clerk, marker, returning officer, board of supervisors, or other person, nor any offers to bribe, bribery, intimidation, or other malconduct which prevented a fair, free, and full exercise of the elective franchise, can annul or set aside any election unless thereby the person declared elected, and whose election is contested, be shown not to have received the highest number of legal votes, nor must any election contested under the provisions of this Code be annulled or set aside because of illegal votes given to the person whose election is contested unless it appears that the number of illegal votes given to such person, if taken from him, would reduce the number of votes given to him below the number of legal votes given to some other person for the same office. Nor must any election be annulled or set aside because of the rejection of legal votes unless it appears that such legal votes, if given to the person intended, would increase the number of his legal votes to or above the number of legal votes received by any other person for the same office"

—and apply to stock law elections. Section 10213, Code of 1923.

[6] If there was a change in the precinct that would affect the election, the burden of showing such change and how affecting the election by reason of illegal votes rested upon contestants. In this burden of proof, the required proof failed. The mere proof that the county commissioners or board of revenue had not caused a description of the precinct, as changed, to be filed in the office of the judge of probate, was not sufficient to invalidate the election. The contestants never showed that the precinct was changed, and by reason of this change there were illegal votes cast sufficient to change the declared result, and of which they had given due notice (Code of 1923, § 551), and upon which they relied in the contest; that is to say, that the majority of the legal votes cast from that precinct were against the stock law, rather than favoring it, as returned by the proper officers and canvassed and declared by the duly constituted authority of the county. Code of 1923, § 545, subsecs. 3, and 4, and section 546; Shepherd v. Sartain, 185 Ala. 452, 64 So. 57; 9 R. C. L. pp. 1162, 1163, § 152.

The requirements as to notice were not complied with. Section 551, Code of 1923, is as follows:

"No testimony must be received of any illegal votes, or of the rejection of any legal votes in any contested election commenced under the provisions of this article, unless the party complaining thereof has given to the adverse party notice in writing of the number of illegal votes and by whom given and for whom given, and at what precinct or voting place cast, or the number of legal votes rejected, and by whom offered, and at what precinct or voting place cast, which he expects to prove on the trial. Such notice must be served personally or left at the residence or usual place of business of the adverse party at least ten days before the taking of testimony in reference to such votes."

This applies to all illegal votes, whether by reason of residence or precinct, disqualification, or illegal conduct or act of the elector,

We find no error in the record, and the judgment or decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.