## POPE v. HOWLE.

### ALLEN v. COOPER.

7 Div. 162, 163.

Supreme Court of Alabama.

June 22, 1933.

Merrill, Jones, Whiteside & Allen, of Anniston, for appellants.

Young & Longshore and Knox, Acker, Sterne & Liles, all of Anniston, for appellees.

THOMAS, Justice.

The two suits or contests of municipal elections were submitted together. They were tried by the judge of the circuit without a jury, and the judgments were for contestants in each case.

The issues of controverted fact are in each case as to the exclusion or rejection of twenty-one ballots cast for contestants.

In the respective cases the contestants, Howle and Cooper, received and had counted 117 votes, exclusive of the twenty-one rejected votes cast; had the same been counted, their votes would have been 138. The contes-

tees, Pope and Allen, received 126 and 120 votes respectively, with the like result of increase, had the rejected votes been counted.

The question of fact to be determined is as to the legality of the action of the canvassing board in rejecting the twenty-one votes respectively cast for the contestants.

■ It has been declared that in a case at law tried by the judge the introduction of illegal evidence does not require a reversal, where the remaining legal and material evidence is uncontradicted and is sufficient to support and justify the judgment rendered. Springer et al. v. Sullivan, 218 Ala. 645, 119 So. 851; Little v. People's Bank of Mobile, 209 Ala. 620, 96 So. 763; First National Bank of Talladega v. Chaffin et al., 118 Ala. 246, 24 So. 80.

■ The canvassing of the return of an election is a ministerial act, and, when done, and the candidate receiving the majority is declared elected, the unsuccessful candidate may contest. Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; Garrett v. Cuninghame, 211 Ala. 430, 100 So. 845; Black v. Pate, 130 Ala. 514, 30 So. 434.

■ It is further established that errors and irregularities on the part of election officers, which are shown not to affect the result declared, will not be considered. The State ex rel. Vest v. Cobb, 108 Ala. 9, 18 So. 532; Shepherd v. Sartain, supra; Garrett v. Cuninghame, supra; Board of Revenue et al. v. Jansen, 224 Ala. 240, 139 So. 358; Davis v. Teague, 220 Ala. 309, 125 So. 51.

■ The registration and poll lists are admissible in evidence to be considered with the other relevant and competent evidence. Black v. Pate, 136 Ala. 606, 34 So. 844; Id., 130 Ala. 514, 30 So. 434; Echols v. State ex rel. Dunbar, 56 Ala. 131.

These rules look to the right and free expression of the will of the electorate. Shepherd v. Sartain, supra; Black v. Pate, supra.

■■ We come now to the paramount and determining question of domicile of the two classes of voters that were here denied the right of franchise. Domicile of the elector is a mixed question of law and fact, dependent upon the intention and acts of the elector. Cases illustrating such fact which may be consulted with profit are: In Holmes v. Holmes, 212 Ala. 597, 599, 103 So. 884, 886, the law of domicile is thus stated: "A domicile once acquired is presumed to continue until a change, facto et animo, is shown. Bragg v. State, 69 Ala. 204. If there was a change, there must have been both an abandonment of his former domicile with no present intention to return, and the establishment of another place of residence with intention to remain permanently, or, at least,

for an unlimited time; the former may be inferred from the latter. Allgood v. Williams, 92 Ala. 551, 8 So. 722; Caldwell v. Pollak, 91 Ala. 353, 8 So. 546; Young v. Pollak, 85 Ala. 439, 5 So. 279; Merrill v. Morrissett [76 Ala. 433], supra."

See, also, Lucky v. Roberts, 211 Ala. 578, 100 So. 878; Talmadge's Adm'r v. Talmadge, 66 Ala. 199; Frederick v. Wilbourne, 198 Ala. 137, 73 So. 442; Black v. Pate, 136 Ala. 601, 607, 34 So. 844; Griffin v. Wall, 32 Ala. 149; Boyd v. Beck, 29 Ala. 703; State v. Hallett, 8 Ala. 159.

■■ The effect of these cases may be thus stated: When the fact of the legal residence of a citizen is once established, such fact of residence is presumed to continue, and this presumption prevails until it is established by the evidence that he has elected to or has established a residence at or in another place. It may further be stated that, while the determination of the place of legal residence of a citizen presents a question of fact, yet, in determining that fact, the intention of the citizen is entitled to and must be given due consideration in connection with his relevant acts. It is this combined result of intention and acts—speaking for the voter of his actual domicile, official residence as a citizen and as an elector, seeking to cast or undertaking to cast his vote—that determines the right to vote in such precinct.

The testimony shows that the election was held by the officials provided therefor by that administration, that the returns were made and canvassed and the announcement thereof, and that the result was declared against the contestants, and there was qualification by the appellants as such officials so declared as elected. They are bound by this declared result against the appellees and in their behalf. Hudmon v. Slaughter, 70 Ala. 546.

The two classes of rejected votes—the thirteen challenged votes at the election sought to be cast in person, and the eight challenged absentee ballots—make the total of the twenty-one rejected ballots that were cast, or sought to be cast, for the contestants. These votes were on the contest counted for the contestants, and thus were the judgments from which the appeals were taken.

■■ The evidence on the question of change of domicile of the twenty-one rejected votes is with these electors, to the effect that these votes were rejected, and, if so counted by the canvassing officials, the result would have been as declared in the trial court. The result of rejection of the eleven votes where the electors sought to vote in person turned alone on the question of legal domicile. The physical presence of said electors in that jurisdiction is not essential to the right to vote, having acquired and retained that domicile

—an absence therefrom that was and intended to be temporary did not divest them of citizenship that may be discharged at the polls in the precinct of such retained domicile; that is to say, these voters having acquired residences at Oxford and who went elsewhere with the intention of returning thereto to vote, such electors remain such residents and retained such legal domiciles as to retain and preserve their rights to vote. Nothing short of an unequivocal and affirmative establishment of a new domicile is effective to that original and established domiciliary status. Frederick v. Wilbourne, 198 Ala. 137, 73 So. 442; Talmadge's Adm'r v. Talmadge, supra; Lucky v. Roberts, 211 Ala. 578, 100 So. 878; Holmes v. Holmes, supra. This rule has long prevailed in this jurisdiction. State ex rel. Spence v. Judge of Ninth Judicial Circuit, 13 Ala. 806; Huckabee v. State, 168 Ala. 27, 53 So. 251; Griffin v. Wall, 32 Ala. 149; Clary v. Sanders, 43 Ala. 287, 294.

The provisions of section 1885, Code, are that "any person offering to vote at a municipal election may be challenged (1) by either of the inspectors, or (2) any qualified elector, and (3) *it is the duty of each inspector to challenge any person offering to vote whom he knows or suspects not to be qualified* * * * as an elector. (4) When any person is challenged, if his ballot is not withdrawn, *one of the inspectors must tender him* the following oath. * * * (5) The inspectors, or one of them, must then examine him as to his qualifications. * * * (6) May also receive proof as to his qualifications. * * * (7) Must admit or reject the ballot of the challenged party, as his right may be shown, (8) and if any person refuses to take the * * * oath, or to answer any questions propounded touching his qualifications as an elector, his vote must be rejected. (9) All rejected ballots shall be sealed up in a separate package and delivered to the council with the returns of election." (Italics and numbers supplied.)

█ The record fails to disclose that any questions were asked the challenged voters, or that the witnesses were examined as to their rights to vote, or that they refused to take the challenged oath. We are therefore of opinion that the challenged voters were entitled to cast their ballots, and that it was the duty of the election officials to count them. The result having been declared by the canvassing board or town council of appellants, they are bound thereby and hold office thereunder. Hudmon v. Slaughter, 70 Ala. 546.

The thirteen rejected votes represented the expressed will of these electors, returning to their established and regular voting places, to exercise the right of the franchise as they had uniformly done. Their good faith and rights are apparent from the evidence. These votes should not have been rejected. So counted, as the trial court did on the contest, they made the case and supported the judgments rendered for contestants.

█ The absentee ballots are not required to be counted to support the judgments of the lower court in favor of the contestants. These eight votes were, however, counted for contestants as the legally expressed will of these voters. The fact that old or imperfect blanks were given such voters to execute will not here be permitted to change the result and to defeat the honest effort of these voters to discharge their high duty of citizenship.

█ The poll lists in evidence had the prima facie effect of indicating the residence of the twenty-one electors whose right to vote was challenged. There is no conclusive evidence refuting the right of said electors to vote at Oxford, as they did. If it be a fact that the poll list prepared by the judge of probate for beat 13, Calhoun county, and that furnished by the municipal authorities of Oxford to its managers of election, were not identical as to the names here in question, such fact was not conclusive of the right of these electors to vote as they did at Oxford. It was only to be considered with the other evidence as to the legal domicile of the voters in Oxford in precinct 13.

In Garrett v. Cuninghame, 211 Ala. 430, 439, 100 So. 845, 854, the excerpt from Judge Freeman is quoted with approval from 90 Am. St. Rep. 72, 73, 80, as follows: "As a general rule, mere irregularities in conducting an election, which do not affect the final result, do not vitiate such election (Sprague v. Norway, 31 Cal. 173; Piatt v. People, 29 Ill. 54; Behrensmeyer v. Kreitz, 135 Ill. 591, 26 N. E. 704; Gass v. State, 34 Ind. 425; Irwin v. Lowe, 89 Ind. 540; Gilleland v. Schuyler, 9 Kan. 569; Napier v. Cornett [Ky.] 68 S. W. 1076; Webre v. Wilton, 29 La. Ann. 610; People v. Cook, 8 N. Y. 67, 59 Am. Dec. 451; McKinney v. O'Connor, 26 Tex. 5; Loomis v. Jackson, 6 W. Va. 613), the election otherwise being fairly and honestly conducted, and no legal voter is deprived of his franchise, or illegal votes received."

█ See, also, City of Florence v. State ex rel. Burtwell, 211 Ala. 617, 101 So. 462; Campbell v. Jefferson County, 216 Ala. 251, 113 So. 230. In the last-cited case is the observation from the general decisions in this and other jurisdictions that a legal voter has the right to express his free choice and wish at an election and within the statutes, and will not be deprived thereby by reason of mistake of judgment, and of the law by election officials, or by the neglect or fraud of election or canvassing officials. Shepherd v. Sartain, 185 Ala. 460, 64 So. 57; 20 C. J. Elections, § 356.

We have examined the records in the two cases, and hold that the evidence as to each contestant was sufficient and supports the

holding and judgment of the trial court and that judge, as affecting the intention, acts, and competent declaration of the twenty-one votes. They were each entitled to cast their votes, as is shown they desired and sought to do for contestants; that it was their definite intention and acts as citizens and electors to so vote in that municipality; that they had and did retain citizenship as qualified electors at Oxford; that they had acquired no new residence and citizenship as to forfeit and lose the old status under the statutes.

The affidavit of Flora H. Bridges was before the circuit court clerk; the date, district, state, and county are indicated, and the fact of detention by reason of her regular business in the performance of her regular duties, and that she subscribed to the required conditions and qualifications of her party committee as a requisite for participation, etc. This was sufficient to authorize her vote to be counted for contestants, as it indicated by (X) before their names. It was shown that beat 13 embraced Oxford; that the election held on the date indicated was that for Oxford.

To like general effect are the affidavits of Mrs. C. H. Howle and Paul Cooper Howle, sworn to and subscribed before a notary with a seal of the office from the county of Calhoun; also that of Mrs. Rowe, sworn before a notary with a seal from Calhoun county; and Mr. Gunnel's affidavit sworn before a notary without a seal in Montgomery county. Although the date of the election is misdescribed in several of these affidavits, they duly applied for the absentee ballot and used the forms furnished by the officers therefor. The affidavits all immediately antedate the municipal election held for Oxford on September 19, 1932, and the fact that old forms were used indicating the date as May 3, 1932, or September 14, 1932, was a mere irregularity that did not disqualify. The application for such ballot correctly described the place as Oxford and the date as September 19, 1932. Campbell v. Jefferson County, 216 Ala. 251, 113 So. 230. However this may be, the absentee ballots, whether counted or rejected, would not change the result declared by the judgments on contests. Garrett v. Cuninghame, 211 Ala. 430, 439, 100 So. 845.

We think the contestees had due notice that testimony would be offered as to the twenty-one rejected ballots—it was incorporated in the petition and notice served on counsel. The provisions of sections 551, 561, and 1884 of the Code are confined to contests of the official therein indicated, or any office filled by the vote of a single county (Campbell v. Jefferson County, supra), and apply to contests of city elections (Dobbs v. Brunson, 17 Ala. App. 318, 85 So. 38). There was sufficient compliance of notice, as we have indicated.

We find no reversible error, and the judg-

ments for contestants in both cases are affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.