ALMON, Justice.
This is an appeal from a final judgment in an election contest. We affirm.
Virgil McCrary was elected Mayor of Hollywood, Jackson County, Alabama, by a one vote margin over his opponent, Elizabeth Haas. A total of 345 votes were cast in the election; McCrary received 173 votes and Haas received 172. Robert Haas, Elizabeth’s husband, filed an election contest in which he alleged that two votes were illegally cast for McCrary by persons who were not Hollywood residents at the time of the election. McCrary responded by claiming that illegal votes were also cast for Haas by persons who were neither residents of, nor registered to vote in, Jackson County, Alabama. McCrary was declared the winner of the mayoral race after the trial judge invalidated one vote cast for McCrary and three votes cast for Haas. The three votes for Haas were cast by Miriam Watson, registered to vote in Jefferson County; Norman Suggs, registered in Calhoun County; and Henry Burns, registered in Tuscaloosa County; all of whom resided in Hollywood at the time of the election. Despite the fact that all three executed challenge oaths before voting, the trial judge invalidated their votes on the ground that none were registered to vote in Jackson County and were therefore not qualified electors. Haas contends this was in error.
The central issue presented in this case is whether a person who is registered in one county may vote in a municipal election held in another county to which he has moved and established his residence without registering to vote in that county. Haas maintains that the following language, applicable to municipal elections, permits a voter to do so as long as he is registered to vote anywhere in the State:
(b) No person may vote at any such election unless he is a registered and qualified elector of the state of Alabama, who has resided in the county 30 days and in the ward 30 days prior to the election and who has registered not less than 10 days prior to the date of the election at which he offers to vote; * * *.
(c) Any qualified elector of a ward who knows or suspects that a person proposes to vote or will offer to vote in such ward who is not entitled or duly qualified to vote in such ward may challenge such person. The challenge shall be communicated to the inspector before the challenged person is permitted to vote by the person in charge of admissions to the polling place. The person so challenged shall not be permitted to vote until he takes and subscribes the oath prescribed by subsection (c) of section 11 — 46—41 and identifies himself in the manner therein prescribed.
Code 1975, § 11-46-38. In sum, Haas argues that if a voter is registered in any county of the State, he is a “registered and qualified elector” of the State and may therefore vote in a municipal election as long as he offers proof of his qualifications to vote by executing a challenge oath. We disagree.
*300 The question of whether a person who moves his residence from one county to another must register in the county of his new residence in order to vote in a general election was answered in the affirmative in Shepherd v. Sartain, 185 Ala. 439, 64 So. 57 (1913), wherein this Court stated:
Reading section 187 of the Constitution along with sections 316 and 320 of the Code, and construing them in connection with the entire system of laws relating to elections in this state, although, considered separately, their language might bear a less stringent meaning, we hold that, when a registered voter changes his legal residence from one county to another, he must register again in the county of his new residence in order to entitle him to vote therein. The imputation of any other meaning to the provisions referred to, though the requirement is expressed in negative terms, would reduce the whole scheme of registration to practical futility. An intention to destroy so valuable an agency by making re-registration permissive, merely, ought not to be imputed to_ the lawmakers if their language will reasonably bear a mandatory meaning, and we think it clearly does.
185 Ala. at 453, 64 So. at 63. Although Haas correctly asserts that Shepherd involved the predecessor to the general election code, Code 1975, § 17-1-1, et seq., and that the provisions of that code do not apply to the instant municipal election by virtue of Code 1975, § 17-1-1,[1] we cannot agree with Haas’s contention that the decision in Shepherd has no application to this case.
In Shepherd the Court concluded that if re-registration was not mandatory “the whole scheme of registration [would be reduced] to practical futility.” 185 Ala. at 453, 64 So. at 63. We perceive the same danger in municipal elections if re-registration is permissive only. The various municipalities are authorized to contract with the Board of Registrars in the county in which the municipality is located “to conduct an identification program of electors eligible to vote in municipal elections.” Code 1975, § 11-46-4. Municipal officials are given access to the official list of qualified electors on file at the probate office of the county in which the municipality is located in order to compile a “list of the qualified voters who reside within the corporate limits of such city or town and who are registered to vote.” This list is to be compared to the official list in the probate office and is to be published prior to the election. Code 1975, § 11-46-36. Furthermore, a person may not vote in a municipal election “unless he is a registered and qualified elector of the state of Alabama, who has resided in the county 30 days and in the ward 30 days prior to the date of the election at which he offers to vote.” Code 1975, § 11-46-38.
It is clear from the foregoing that registration in the county where an elector offers to vote in a municipal election is implicitly required. It is also clear that the entire regulatory scheme applicable to municipal elections would be frustrated if reregistration were merely permissive. We therefore hold that in order for a voter who is registered in one county to be eligible to vote in a municipal election held in another county to which he has moved and established a new residence, the voter must re-register in the county of his new residence.
The oath and the statutory provisions which permit a challenge of a voter and the execution of a challenge oath relate exclusively to an elector’s qualifications to vote in a particular ward. There appears to be no provision for the challenge of an elector’s right to vote in the municipal election in general. We therefore conclude that execution of a challenge oath does not *301 operate to qualify an elector to vote in a municipal election if the elector has not previously registered to vote in that county.
In the present case, Watson, Suggs and Burns were registered to vote in counties other than Jackson County. Because they failed to register in Jackson County and because the execution of a challenge oath did not operate to qualify them to vote, they were not qualified electors in the Hollywood municipal election. Accordingly, the judgment of the trial judge invalidating the votes of Watson, Suggs and Burns, and declaring McCrary the winner of the election, is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.

. That section provides:
All of the provisions of this title [which govern general elections] shall apply to all primary elections and all elections by counties or municipalities held in this state, except in cases where the provisions of this title are inconsistent or in conflict with the provisions of a law governing special primary, county or municipal elections.
The provisions which govern municipal elections are set out at Code 1975, § 11-46-1, et seq.