197 So. 32

### Ex parte STATE ex rel. BRAGG

8 Div. 64.

Supreme Court of Alabama.

June 28, 1940.

Perdue & Miller, of Moulton, and Peach & Caddell, of Decatur, for petitioner.

Horace C. Wilkinson, of Birmingham, John C. Forney, of Moulton, and S. A. Lynne, of Decatur, for respondent.

BOULDIN, Justice.

This is an original proceeding in this court for a writ of prohibition or other

appropriate writ directed to Honorable A. A. Griffith, Judge of the Circuit Court of Lawrence County, requiring him to desist from further proceeding in a matter pending in his court wherein a writ of prohibition or writ of mandamus is sought forbidding the Democratic Executive Committee of Lawrence County to hear and determine a contest of the primary election of June 4, 1940, so far as relates to the election of a Democratic candidate for the office of Judge of Probate in the general election of November, 1940.

The petition before us sets forth the proceedings before the Executive Committee, and the proceedings before Judge Griffith.

We summarize the facts necessary to this decision as follows:

In the run-off Democratic primary election of June 4, relator, Chas. E. Bragg and Isaac Johnson, Jr., were the contending candidates for nomination as the Democratic nominee for the office of Judge of Probate of Lawrence County. Upon canvassing the returns as required by the primary election law, Johnson was duly declared elected. On June 11, within five days after result declared, Bragg filed with the Chairman of the County Executive Committee his statement in writing designed to institute a contest of the election pursuant to Section 41 of the Primary Election Law, Gen.Acts 1931, p. 90. Upon filing same, the Chairman within five days called a meeting of the committee for July 1, 1940, to hear and determine the contest. The date fixed was within the twenty days prescribed by Section 44, p. 91.

At this stage, and before the committee had taken further action in the matter, the contestee, as relator, filed his petition for a writ of prohibition or mandamus directed to the Chairman and members of the Executive Committee forbidding them to entertain and proceed to hear and determine the contest.

On the filing of this petition Judge Griffith entered an order requiring the Chairman and members of the Executive Committee to appear on July 8, 1940, to show cause why the prayer of contestee's petition should not be granted, and meantime restraining them from hearing the contest until further orders of the court.

Thereupon, the petition for prohibition was filed by the contestant in this court challenging the jurisdiction of the circuit court to enter the order aforesaid, or to further proceed under the petition filed in that court.

This petition before us sets out the statement filed with the committee to institute the contest, also the petition filed by contestee in the circuit court, which made an exhibit thereto the said statement purporting to institute a contest.

It is not questioned that the County Democratic Executive Committee is the statutory tribunal vested with jurisdiction of the contest, with right of appeal to the State Executive Committee; nor is it contended that the circuit court has jurisdiction to hear the contest.

The theory of the contestee, in short, is, that no contest has been instituted before the Executive Committee, that the statement instituting the contest is insufficient to invoke the jurisdiction of that tribunal; that, for want of jurisdiction, any finding by the committee would be void, and, therefore, should be ended by prohibition.

The sufficiency of the statement filed by the contestant with the committee to invoke its jurisdiction is of first importance.

Some argument is made as to the sufficiency of the averment under Subdivision 1 of Section 41, supra, namely, that the contestant "was a qualified elector when the primary was held and he participated therein." We find the averment in that regard sufficient, and further comment need not be indulged.

The chief attack is upon the sufficiency of the statement of grounds of contest.

Among the grounds presented are "illegal votes given" and "rejection of legal votes." Section 37, p. 89. See, also, § 43.

Touching these grounds of contest, the statute, Section 41, declares: "If the reception of illegal votes is alleged as a ground for contest, it is a sufficient statement of said ground to allege that illegal votes were given to the person whose nomination is contested, which, if taken from him will of themselves alone or in conjunction with other alleged grounds of contest, if any, reduce the number of legal votes given to him down to or below the number of legal votes given to some other candidate for the same nomination, and if the rejection of legal votes is alleged as a ground, it is a sufficient statement of the ground to allege the legal votes were offered and rejected which, if cast and counted, would of themselves alone or in conjunction with other alleged grounds, if any, increase the num-

ber of legal votes cast for such candidate to a number equal to, or greater than the number to which the contestee was legally entitled."

■ The statement instituting this contest literally followed this statute.

■ It is declared by the statute to be sufficient. It is argued that the statute, in this regard, is void in that it is a denial of due process of law, for failure to give the contestee the names of alleged illegal votes received and counted for contestee, or the names of alleged legal votes rejected, which should have been received and counted for contestant.

Section 42 of the statute, immediately following the above quoted provision, reads: "No testimony must be received of any illegal votes or of the rejection of any legal votes in any contest commenced under the provisions of this act unless the party complaining thereof has given to the adverse party notice in writing of the number of illegal votes and by whom given, and for whom given, and at what precinct or voting place cast, or the number of legal votes rejected, and by whom offered, and at what precinct or voting place they were not allowed to be cast, which he expects to prove on the trial. Such notice must be served personally or left at the residence or usual place of business of the adverse party at least five days before the taking of the testimony in reference to such votes."

This bill of particulars, so to speak, furnishes to the parties all the data essential to due process of law. Contests of election are proceedings peculiar to themselves. Our statute requires a very prompt institution of the contest, provides how jurisdiction shall be invoked by initial statement, and gives further time to furnish the list of names, etc., in question before evidence is offered; we may say before this particular ground of contest is made available. The initial statement advises the contestee that such issue is to be presented, and the statute advises him that a list is to be furnished before evidence taken. If he proposes to present a like issue, he is warned to prepare his list likewise. When the list is furnished, he is given time to obtain opposing evidence. We deem it unnecessary to enter into any further discussion on this point.

■ We hold the statement of this ground of contest sufficient to invoke the jurisdiction to the statutory tribunal to hear the contest; that the County Executive Committee acquired and now has jurisdiction, exclusive jurisdiction to hear it.

■ Touching the sufficiency of other grounds of contest alleged in the general language of the statute, Section 37, it is sufficient to say these are questions for the committee having jurisdiction of the contest. We may note that by the statute itself, some of these grounds are not within themselves sufficient to deny the person declared elected a place on the official ballot as the Democratic nominee in the general election.

Section 38 reads: "None of the above grounds of contest shall serve to annul or set aside any declared nomination, unless such ground alone or in conjunction with other of such grounds alleged shall serve to show to the reasonable satisfaction of the committee trying the contest that the person who was declared nominated and whose nomination is contested did not receive at such primary the number of legal votes necessary under this act to nominate him. But upon such contest the committee shall have power to declare who was legally nominated at such primary for such office."

■ The final objective of the contest is to determine, if practical, who received the majority of legal votes cast or unlawfully rejected, and declare him the nominee of the party through such primary election. Campbell et al. v. Jefferson County, 216 Ala. 251, 113 So. 230; Garrett v. Cunninghame, 211 Ala. 430, 436, 100 So. 845, and authorities cited.

■ While new grounds of contest may not be added after time for contest has expired, amendments making more specific grounds expressed in too general terms may be allowed. Groom v. Taylor, 235 Ala. 247, 178 So. 33; Pearson v. Alverson, 160 Ala. 265, 49 So. 756.

It could hardly be said an amendable ground of contest is insufficient to support the jurisdiction of the court or tribunal clothed with jurisdiction to hear the contest.

In all events the statement of contest filed with the committee, as before indicated, did invoke the jurisdiction of the committee to hear and determine the contest. The circuit court is without jurisdiction to invade, suppress, or defeat such jurisdiction.

■ The selection of party nominees for public office is essentially a political function. The Legislature may safeguard

primary elections for that purpose; and all persons have the legal duty, sometimes under penalty, to obey such laws. The party is or should be concerned that its nominees in a primary held at its election should be in fact the choice of the majority of legal voters. Its representatives should frown upon every species of fraud or disregard of law which tends to defeat the exercise of the elective franchise and bring Democratic processes into disrepute.

■ In the matter of contests of primary elections the Legislature has deemed it wise to commit same to party tribunals. This is in recognition of the interest and concern which the party, the associated group of citizens acting together as such, have in the selection of their political representatives, put forward as nominees, recommended for election to public office. The courts scrupulously avoid interfering with political action of this sort. Smith v. McQueen, 232 Ala. 90, 166 So. 788; Lett v. Dennis, Chairman, &c., 221 Ala. 432, 129 So. 33.

■ Clearly enough, and it does not seem to be questioned, that if the Executive Committee has jurisdiction of this contest, the circuit court has no jurisdiction to interfere with its exercise of that jurisdiction. Since we hold the committee has acquired jurisdiction, it follows the circuit court is without jurisdiction to entertain and grant the relief sought by contestee.

But, it is said the circuit court had the right to pass upon the question of its jurisdiction; that the rule nisi was properly issued to give a hearing on that question; that presumably a correct ruling will be made; and this court should not intervene in advance of a hearing in the circuit court.

■■ Such is the general rule. Ex Parte Boothe et al., 64 Ala. 312. But such rule has exceptions. Its application is a matter of discretion, as justice shall indicate. Ex Parte State ex rel. Knight, Attorney General, 229 Ala. 513, 516, 158 So. 317. Such rule cannot be invoked where by an ex parte order the circuit court has denied the like power of the committee to pass on its jurisdiction in due course.

The circuit judge has already entered a restraining order forbidding the committee to hear the contest within the time contemplated by the statute, and to await his decision whether he will prohibit all further action by the committee.

■ He had no jurisdiction thus to interfere with the contest before the committee. His order was void; the petition presented to him conferred no jurisdiction to enter any order interfering with the proceedings by the committee. He can make no valid order in the proceedings before him save to dismiss it. Prohibition is the proper remedy to intercept and put an end to usurpation of jurisdiction. Ex Parte State ex rel. Bailes, 235 Ala. 133, 177 So. 752; Ex Parte Blue, 218 Ala. 113, 118 So. 147; Strother et al. v. McCord, Circuit Judge, 222 Ala. 450, 132 So. 717.

The writ of prohibition is granted as prayed.

Writ granted.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.