BEATTY, Justice
(dissenting).
Given the procedural posture of this case, the Court of Civil Appeals correctly issued its conditional writ of mandamus and/or prohibition to the Montgomery Circuit Court, holding that “at this time the issues involved or to be involved are proper matters to be presented by appeal to the circuit court.” Consequently, the majority of this Court erroneously reaches the merits of the question of the AEMC’s authority to entertain a motion for reconsideration of its prior order.
In Ex parte State ex rel. Bragg, 240 Ala. 80, 197 So. 32, 36 (1940), this Court held that, while “the circuit court had the right to pass upon the question of its jurisdiction,” the circuit court could not “by an ex parte order ... den[y] the like power of the [Democratic Executive] [Cjommittee to pass on its [own] jurisdiction in due course.” The Court, therefore, granted the writ of prohibition in that case, holding, in part, that the trial court’s order restraining the committee from hearing an election contest usurped the jurisdiction of the committee to first pass on its jurisdiction to hear the election contest. Furthermore, “[t]he writ [of mandamus] may not be issued as an instrument to bar a hearing or oust the jurisdiction of an administrative body, when the acts of such body are subject to judicial review.” (Emphasis added.) Alabama State Tenure Commission v. Oneonta City Board of Education, 376 So.2d 197, 198 (Ala.Civ.App.), cert. denied, 376 So.2d 199 (Ala.1979).
In the present case, after Shell had filed its motion asking the AEMC to reconsider its original order, the AEMC met and determined that it had the authority (i.e., jurisdiction) to entertain a motion for reconsideration. Immediately thereafter (within minutes), Baldwin County sought a temporary restraining order against the AEMC to prevent it from “exercising” that “jurisdiction” by reconsidering its prior order. The Montgomery Circuit Court issued the temporary restraining order, but not before the AEMC had reconsidered and reversed its prior order. Shell Oil then obtained from the Court of Civil Appeals a conditional writ of mandamus and/or prohibition to the circuit court, dissolving the temporary restraining order and thereby preventing the circuit court from hearing Baldwin County’s petition on the merits. The Court *569 of Civil Appeals held that “at this time the issues involved or to be involved are proper matters to be presented by appeal to the circuit court.”
By issuing the writ of mandamus and/or prohibition in this case, the Court of Civil Appeals in effect held that the AEMC had the power to pass on its own jurisdiction to reconsider its prior order. That court’s decision is consistent with Oneonta City Board of Education and Ex parte State ex rel. Bragg, supra. Since the AEMC determined that it had such jurisdiction and, in fact, exercised that purported jurisdiction by granting the motion for reconsideration and reversing its prior order, Baldwin County’s proper route of review as to both of these determinations by the AEMC is an appeal to the circuit court. In its opinion, the majority completely overlooks the AEMC’s “jurisdiction to consider its own jurisdiction” aspect of this case, and reverses the judgment of the Court of Civil Appeals by reaching the merits of one of the issues that could have been, and, therefore, should have been, raised by an appeal. Accordingly, I must dissent.
MADDOX, J., concurs.