Rel: October 25, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0377

_____

## Ex parte Howard Moore and Charlie Lloyd

## PETITION FOR WRIT OF MANDAMUS AND FOR WRIT OF PROHIBITION

## (In re: Howard Moore and Charlie Lloyd

## v.

## Margaret Sue Mikul)

## (Shelby Circuit Court: CV-16-900764)

MENDHEIM, Justice.

Howard Moore and Charlie Lloyd petition this Court for writs of mandamus and prohibition directing the Shelby Circuit Court to dissolve a stay of the final judgment entered in this action on October 4, 2018, and restraining that court from holding any more proceedings beyond what is necessary to interpret, clarify, and enforce that judgment. We grant the petition and issue the writs.

## I. Facts[1]

The saga of this case began in 2012 when Moore and Lloyd obtained a $185,000 judgment in a case they had commenced in the Chilton Circuit Court against Margaret Sue Mikul and Debbie Sanders, doing business as Mikul & Associates. Moore and Lloyd filed an application for a writ of execution to auction two Shelby County parcels of property that belonged to Mikul and Sanders. Moore and Lloyd were the highest bidders for one

---

[1]The following summary reflects information contained in the petitioners' submissions, as required by Rule 21(a)(1)(F), Ala. R. App. P., and in other records of this Court pertaining to prior proceedings referenced by the parties in this case. See Kennedy v. Boles Invs., Inc., 53 So. 3d 60, 65 n.2 (Ala. 2010) ("[T]his Court may take judicial notice of its own records in another proceeding when a party refers to the proceeding." (citing Butler v. Olshan, 280 Ala. 181, 187-88, 191 So. 2d 7, 13 (1966))).

of those parcels ("the property") at $130,000. Mikul resided on the property.

On January 2, 2013, Moore and Lloyd filed a petition for a writ of mandamus in the Shelby Circuit Court against the Shelby County Sheriff, seeking to compel him to accept the 2012 Chilton County judgment as a credit of $130,000 toward the purchase price of the property. On September 16, 2014, the circuit court granted the petition, ordering the sheriff to accept the Chilton County judgment as a credit of $130,000 toward the purchase price of the property and, upon payment of costs, to sign and deliver a sheriff's deed to Moore and Lloyd.

On October 2, 2014, Mikul filed a motion to intervene in that action. Along with that motion, Mikul filed a complaint asserting claims against Moore and Lloyd -- attempting to have the sheriff's sale set aside on various grounds. Mikul alleged, among other things, that she was the true owner of the property, that the property had been appraised for approximately $1.3 million, and that Moore and Lloyd had purchased the property at a price so low that it shocked the conscience. Mikul also sought to have the September 16, 2014, judgment set aside. On August 18, 2015, following an ore tenus hearing, the circuit court denied Mikul's

requests for relief. Mikul appealed to this Court. On September 16, 2016, this Court affirmed the circuit court's judgment without an opinion. See Mikul v. Moore (No. 1150689, Sept. 16, 2016), 233 So. 3d 926 (Ala. 2016) (table).

On September 20, 2016, Moore and Lloyd commenced an action in the Shelby Circuit Court against Mikul, designated as case no. CV-16-900764, seeking immediate possession of the property. Moore and Lloyd alleged that Mikul had remained on the property following the 2012 sheriff's sale, and they sought to eject Mikul from the property. Moore and Lloyd subsequently filed a summary-judgment motion that Mikul opposed. On April 6, 2017, the circuit court held a hearing on that motion. On April 27, 2017, the circuit court entered a judgment that provided, in pertinent part: "1) That [Moore and Lloyd's] claim for immediate possession of the Subject Property is granted; 2) That the value of the Subject Property is agreed to be worth one million dollars; and 3) This Court will take testimony regarding damages or monies claimed from rent on July 28, 2017." On May 1, 2017, Mikul filed a motion to alter the April 27, 2017, judgment, along with a motion to stay execution of the portion of that judgment that awarded immediate possession of the

property to Moore and Lloyd. The circuit court denied Mikul's motions and reset the hearing on damages for October 2, 2017. On January 4, 2018, the circuit court denied any award of damages. On April 25, 2018, the circuit court entered an order that sought to clarify the status of the case, which stated in part that "[t]he Court entered a Final Order on January 4, 2018, that stayed the writ of execution. This order must be amended to address the issue of the stay which by substance creates a nonfinal order." On October 4, 2018, the circuit court entered an order that provided, in pertinent part:

> "Upon taking this matter under advisement, after trial briefs were filed by counsel, this Court reviewed the case and all appropriate evidence and pleadings. [Mikul's] counsel claims the doctrine of laches which this Court finds does not apply in this cause based on the timeline of events as laid out by [Moore and Lloyd's] counsel beginning October 8, 2012, at the Sheriff's Auction of the Subject Property and ending on September 20, 2016, when this action was filed.
>
> "[Mikul] also argues the doctrine of Equitable Estoppel and cites appropriate case law stating said doctrine shall 'promote equity and justice in an individual case by preventing a party from asserting rights under a general rule of law when his own conduct of such rights are contrary to equity and good conscience.' The Court does find that this principle in theory is applicable in this cause; however, [Moore and Lloyd], in previous legal action, gained superior legal right and title to the subject property.

"Therefore, <u>the Court finds no legal way [or] avenue to prevent [Moore and Lloyd] from taking possession of the subject property</u> hence the partial summary judgment Order entered by this Court on April 27, 2017. The value of the subject property is by stipulation and previous Court Order valued at $1,000,000. [Mikul] cite[s] in the trial brief that '[Moore and Lloyd] have not been dilatory with regard to filing said action.' The Court finds that [Moore and Lloyd] were not dilatory nor has [Mikul] filed unnecessary, unfounded legal claims; therefore, [Mikul] has not unlawfully remained on the premises based on the Orders and the litigation of the subject property. The claim for mesne profits, rent accrued after judgment and before deliver of possession, is hereby DENIED based on the specific facts and evidence as presented to this Court. <u>The Court notes that [Moore and Lloyd] have been ordered possession of a property</u>, to which both parties stipulate the value is $1,000,000 and [Mikul] has improved the property and value since the litigation began.

"Both [Moore and Lloyd] and [Mikul] argued extensively and briefed the subject of supersedeas bond. <u>The above-styled Order of Immediate Possession is hereby immediately stayed. Restating some factors as argued by [Moore and Lloyd], [Mikul] will definitely be irreparably harmed and injured absent a stay, the property is being maintained, evidenced by the stipulated value, therefore, the stay will not substantially injure [Moore and Lloyd], and this Court has weighed [Mikul's] likelihood of success on appeal among all other relevant factors regarding whether a stay should be granted</u>. This Court ordered no monetary award; therefore, a supersedeas bond is not necessary in the above styled cause. All other requested relief is hereby DENIED.

"Pursuant to Rule 54(b)[, Ala. R. Civ. P.,] this Court hereby directs entry of this Final Judgment as there is no just reason for delay. It is the opinion of the Court that this Order involves a controlling question of law as to which there is a substantial ground for difference of opinion; and, an

> Immediate appeal from this Order would materially advance the ultimate termination of the litigation; and, an appeal would avoid protracted and expensive litigation."

(Capitalization in original; emphasis added.)

On October 9, 2018, Moore and Lloyd filed a petition for the writ of mandamus with this Court, requesting an order (a) stating they are entitled to immediate possession of the property, (b) striking the circuit court's Rule 54(b) certification in the October 4, 2018, order, (c) awarding them compensatory damages, (d) determining how much money remained to be paid under a previous settlement agreement with Mikul, and (e) setting a reasonable supersedeas bond should there be an appeal under the Rule 54(b) certification. On November 14, 2018, this Court summarily denied that petition by order. Ex parte Moore (No. 1180032, Nov. 14, 2018).

On December 6, 2018, Moore and Lloyd filed in the circuit court what they styled a "Motion to Correct Order and Obtain a Final Judgment," in which they asked the circuit court to correct the October 4, 2018, order. On December 11, 2018, the circuit court denied that motion. On January 2, 2019, Moore and Lloyd filed what they styled a motion to "Alter, Amend or Vacate Order Dated 12/11/2018 or in the

Alternative a Motion for Status Conference." The circuit court held a hearing on that motion, but it did not enter any order concerning it. On March 5, 2019, Moore and Lloyd filed a motion to alter, amend, or vacate the October 4, 2018, order. On March 19, 2019, Moore and Lloyd filed a motion to set aside the October 4, 2018, order pursuant to Rule 60(b)(4) or (b)(6), Ala. R. Civ. P. In that motion, Moore and Lloyd once again contended that the Rule 54(b) certification contained in the October 4, 2018, order was improper. On April 3, 2019, the circuit court entered an order in which it denied Moore and Lloyd's March 5, 2019, postjudgment motion on the basis that it was untimely. In that order, the circuit court also corrected the language of one sentence in its October 4, 2018, order. On April 6, 2019, the circuit court entered an order that provided: "An Order was done on April 3, 2019, to correct a clerical error and rule on the last motion as the Court has lost jurisdiction. Therefore, this cause shall be marked as Disposed and closed to further court review." (Capitalization in original.) On April 17, 2019, Moore and Lloyd appealed the circuit court's April 3, 2019, order to this Court. On November 13, 2019, this Court dismissed that appeal by order because it had been untimely filed. Moore v. Mikul (No. 1180560, Nov. 13, 2019).

8

On November 15, 2019, a form writ of execution was issued by the circuit-court clerk directing the sheriff to restore possession of the property to Moore and Lloyd. On January 21, 2020, Mikul filed a motion to quash the writ of execution, noting, among other things, that the circuit court had immediately stayed execution of its October 4, 2018, order awarding possession of the property to Moore and Lloyd and that Moore and Lloyd thus far had been unsuccessful in their attempts to have the October 4, 2018, order altered. On January 22, 2020, Moore and Lloyd filed a response to Mikul's motion, arguing, among other things, that the case "ha[d] already been through the appeal process so no stay is entitled to continue to have any force or affect at this time." On February 6, 2020, the circuit court entered an order granting Mikul's motion to quash the writ of execution. On February 20, 2020, Moore and Lloyd filed a petition for the writ of mandamus in the Court of Civil Appeals, which transferred the petition to this Court. This Court denied the petition by order on March 27, 2020. Ex parte Moore (No. 1190434, Mar. 27, 2020).

On May 5, 2020, Moore and Lloyd commenced a separate action in the Shelby Circuit Court, designated as case no. CV-20-900392, by filing a complaint for ejectment that appeared to be substantially identical to

the complaint for ejectment filed in the previous ejectment action, case no. CV-16-900764. On June 2, 2020, Mikul answered the complaint, asserting, among other things, the defenses of estoppel and laches and the doctrine of res judicata. On October 18, 2020, Moore and Lloyd filed a motion to inspect the property. On October 21, 2020, Mikul filed a response in opposition, in which she stated, among other things, that she was "occupying the subject property which is her home" and that she had "continuously occupied the subject property throughout the history of this litigation." Mikul further asserted that she was "84 years old and has recently experienced serious and significant medical issues including hospitalizations and surgeries and treatment for a severe and life-threatening infection which requires medication and IV therapy." On March 15, 2021, before the circuit court had ruled on Moore and Lloyd's motion to inspect the property, Mikul filed a summary-judgment motion in which she asserted that Moore and Lloyd's complaint should be dismissed based on the defenses of equitable estoppel and laches and the doctrine of res judicata. On March 21, 2021, Moore and Lloyd filed a response in opposition to Mikul's summary-judgment motion. On May 10, 2021, the circuit court denied Moore and Lloyd's motion to inspect the

property. Following a hearing, on June 15, 2021, the circuit court entered an order granting Mikul's summary-judgment motion, finding that "there is no genuine issue as to any material fact and [that Mikul] is entitled to a judgment as a matter of law." On June 18, 2021, Moore and Lloyd appealed the circuit court's June 15, 2021, judgment.

In an opinion issued on January 21, 2022, this Court affirmed the circuit court's judgment. In doing so, the Court first observed that Moore and Lloyd's

> "principal appellate brief largely ignores the central impediment to the relief [Moore and Lloyd] seek in this Court. As noted above, the circuit court's October 2018 order in case no. CV-16-900764 explicitly stated: '[T]he Court finds no legal way [or] avenue to prevent [Moore and Lloyd] from taking possession of the subject property ....' However, as Mikul notes on appeal, the reason she is still in possession of the property is because, in the same order, the circuit court immediately stayed execution of the October 2018 order."

Moore v. Mikul, 359 So. 3d 274, 278 (Ala. 2022) ("Moore"). The Court went on to note that Moore and Lloyd had argued that "the apparently indefinite stay entered by the circuit court in case no. CV-16-900764 is 'immoderate'" but that they had first presented that argument and provided legal support for it in their reply brief. Id. The Court added that

> "the record in this case -- case no. CV-20-900392 -- demonstrates that Moore and Lloyd did not seek dissolution

11

of the stay entered by the circuit court in case no. CV-16-900764 as being an immoderate stay. '[T]he appellate courts will not reverse a trial court on any ground not presented to the trial court.' Rogers Found. Repair, Inc. v. Powell, 748 So. 2d 869, 872 (Ala. 1999); see also State Farm Mut. Auto. Ins. Co. v. Motley, 909 So. 2d 806, 821 (Ala. 2005) ('This Court cannot consider arguments advanced for the purpose of reversing the judgment of a trial court when those arguments were never presented to the trial court for consideration or were raised for the first time on appeal.'). Therefore, we cannot reverse the circuit court's judgment in this action based on the arguments presented by Moore and Lloyd on appeal.

"However, with regard to the circuit court's October 2018 order in case no. CV-16-900764, execution of which is apparently still stayed, we note that '[a] trial court has inherent authority to interpret, clarify, and enforce its own final judgments.' State Pers. Bd. v. Akers, 797 So. 2d 422, 424 (Ala. 2000). See also Ex parte Caremark Rx, LLC, 229 So. 3d 751, 757 (Ala. 2017) ('[A] trial court nevertheless continues to hold "residual jurisdiction" even after that 30-day period [imposed by Rule 59, Ala. R. Civ. P.,] expires such that it can still take any steps that are necessary to enforce its judgment.'); but see George v. Sims, 888 So. 2d 1224, 1227 (Ala. 2004) ('Although a trial court has "residual jurisdiction or authority to take certain actions necessary to enforce or interpret a final judgment," that authority is not so broad as to allow substantive modification of an otherwise effective and unambiguous final order. Helms v. Helms' Kennels, Inc., 646 So. 2d 1343, 1347 (Ala. 1994).'). If the stay of execution of the circuit court's October 2018 order entered in case no. CV-16-900764 should be dissolved such that the order can now be effectuated, a dissolution should be sought in that action.

"....

"Moore and Lloyd have failed to demonstrate that the circuit court's judgment in this case -- case no. CV-20-900392 -- should be reversed. To the extent that [Moore and Lloyd] seek a dissolution of the stay entered by the circuit court pertaining to the execution of its October 2018 order in case no. CV-16-900764, a dissolution should be sought in that action."

Id. at 279 (emphasis added).

On January 23, 2022, Moore and Lloyd filed case no. CV-16-900764 the motion that precipitated the present appeal, a motion seeking "to dissolve the stay [the circuit court] put into place in its 10/4/2018 Order." In that motion, Moore and Lloyd, relying heavily on statements from this Court's opinion in Moore, argued that the stay entered by the circuit court in its October 4, 2018, order was "immoderate" and that it should be dissolved so that Moore and Lloyd could finally take possession of the property.

On July 19, 2022, and on November 7, 2022, Moore and Lloyd filed applications for writs of execution to take possession of the property. On October 6, 2022, the circuit court entered an order which stated that Moore and Lloyd's "motion to dissolve stay is moot." The circuit court did not provide any reasons for its ruling in that order.

13

On November 28, 2022, Mikul filed a motion to quash Moore and Lloyd's applications for writs of execution. In that motion, Mikul contended that Moore and Lloyd were not entitled to a writ of execution because, she said, Moore and Lloyd did "not have a judgment entered in their favor" and that the circuit court did "not have jurisdiction to act on [Moore and Lloyd's] Writ" because the circuit court had declared in its April 6, 2019, order that the case was "disposed." Mikul further asserted that this was the reason why the circuit court had ruled on October 6, 2022, that Moore and Lloyd's motion to dissolve the stay was moot -- because "there was no active case in which [Moore and Lloyd] could file that motion." On January 9, 2023, Moore and Lloyd filed a response in opposition to Moore's motion to quash. In their response, Moore and Lloyd argued that if their motion to dissolve the stay was moot, then Mikul's motion to quash the writ also would be moot. However, they also repeated their argument from their motion to dissolve the stay that the circuit court had jurisdiction to dissolve the stay because it had inherent authority to interpret, clarify, and enforce its October 4, 2018, order, which it had certified as a final judgment.

14

On January 17, 2023, Mikul filed an amended and supplemental motion to quash. In that motion, Mikul argued that Moore and Lloyd had not demonstrated that the stay was "immoderate" and that this Court in Moore had not held that it was. Contemporaneously, Mikul filed a motion to extend the stay and a motion to order the parties to mediate their dispute. On January 25, 2023, Moore and Lloyd filed an objection to Mikul's supplemental motion to quash, her motion to extend the stay, and her motion to mediate the dispute. Moore and Lloyd argued, among other things, that the circuit court lacked jurisdiction to rule on Mikul's motions because its residual jurisdiction did not extend to those issues.

On March 1, 2023, the circuit court entered an order in which it reasoned that "mediation would be meaningful in this matter," and it required the parties to "mediate this matter on or before May 31, 2023." On March 8, 2023, Moore and Lloyd filed a motion objecting to the circuit court's order requiring mediation. In that motion, Moore and Lloyd argued that the circuit court's residual jurisdiction did not extend to ordering mediation after the entry of the October 4, 2018, order that it had certified as final. They also insisted that they had tried to resolve the dispute on multiple previous occasions but that Mikul had not been

15

cooperative in those efforts. On March 9, 2023, Mikul filed a response to Moore and Lloyd's motion in which she contended that the circuit court already had rejected all of Moore and Lloyd's arguments. On March 14, 2023, Moore and Lloyd filed a supplement to their motion objecting to the order to mediate the dispute.

On June 23, 2023, the circuit court entered an order stating that "[t]his matter is hereby specially set for a final hearing on Monday, July 17, 2023, ...." On July 17, 2023, the circuit court entered an order that, in pertinent part, stated:

> "This cause comes before the Court on competing Motions regarding the status of the stay in place. This Court has previously ordered in an Order entered on October 4, 2018, that 'there is no legal avenue to prevent [Moore and Lloyd] from taking possession.' The value of the property at issue has repeatedly been found and ordered by this Court to be $1,000,000.00 (One-Million Dollars and 00/100).

> "The parties were in Court on April 11, 2023, litigating the same issues being addressed herein. Counsel for the parties represented to the Court that there has been a resolution. Counsel never submitted any type of Order reducing the resolution to writing. The Court learned at the hearing today that the agreement was to mediate damages, claim for mesne profits, rent accrued after judgment and before delivery of possession. Therefore, it is hereby **ORDERED**:

16

"1. The parties through counsel reached a settlement agreement to mediate as stated herein and announced the same to this Court.

"2. The agreement to mediate the financial collateral issues herein shall be enforced. The Motion to Terminate Agreement is hereby **DENIED**.

"3. The parties SHALL agree on a mediator, attend mediation and file a mediator's report with this Court within 90 (ninety) days of this Order.

"4. After the completion of the agreed upon mediation in 90 (ninety) days, this Court shall enter an Order lifting the stay as required by law. No party or officer of this Court shall make a mockery of the justice system. When Counsel represents a meeting of the minds, this agreement shall be UPHELD for numerous reasons; the most important being the integrity of our system of justice."

(Capitalization and bold typeface in original; other emphasis added.)

According to Moore and Lloyd, a mediation was held on February 12, 2024, but the parties did not reach a resolution on outstanding issues. Mikul agrees that "[t]he parties did participate in mediation but the case was not resolved."[2] Answer, p. 4. On March 26, 2024, the circuit court entered an order stating: "This matter is hereby set for Hearing on April

---

[2]The parties do not explain why the mediation was not held within 90 days of the July 17, 2023, order.

17

30, 2024, at 9:00 a.m. … All pending motions and responsive pleadings will be heard on this date."

On May 1, 2024, Moore and Lloyd filed a "Motion to Clarify Results of April 30, 2024, Hearing" in which they observed that mediation had been held on February 12, 2024, that a hearing that concerned "[a]ll pending motions and responsive pleadings" had been held on April 30, 2024, but that, during that hearing, the circuit court had "set a subsequent trial of some aspects of this same case to be heard on 05/24/2024." The motion averred that "[c]ounsel for [Moore and Lloyd] is confused as to what possibly could be the justification and matter to be tried related to this case since a final judgment of this matter happened six (6) years ago on 10/4/2018." The motion further stated:

"This trial court is making a 'mockery of the justice system' just as it suggested against counsel for [Moore and Lloyd] in its 7/17/2023 Order by its violating its very own 7/17/2023 Order to lift the 'immoderate' 'stay' within 90 days of the 2/12/2024 mediation it included in the 10/4/2018 final Order of the case at bar and by refusing to take the direction the Alabama Supreme Court has set out in [Moore]. The Alabama Supreme Court was crystal clear that the 'stay' contained in the 10/4/2018 final order of the case at bar was 'immoderate' since it neither included the reason nor the duration of the said 'stay.' The Alabama Supreme Court made it crystal clear the trial court's use of the 'immoderate' 'stay' went 'beyond the scope of the trial court's discretion.'

18

"[Moore and Lloyd] have paid all the property taxes for the Subject Property in the amount of $55,204.88 for tax year 2018 until present yet the trial court has allowed [Mikul] to possess the said Subject Property with [Mikul] contributing nothing towards the property taxes. The trial court has allowed [Mikul] to abuse the judicial system which is suppose[d] to be fair and equitable to all regardless of age, gender or heritage.

"....

"Therefore, is the trial court intending on complying with its own 7/17/2023 Order and lift the 'stay' 'as required by law' no later than 5/13/2024 or is it going to comply with the Defendant Mikul's wishes to have a trial on some aspect of this case on 5/24/2024? Obviously, there is no way for [counsel] to prepare a defense for … Moore and Lloyd since he has no idea what the proposed trial would be about.

"[Moore and Lloyd] pray that this Honorable Court (1) dissolve the stay put into place in this matter on its October 2018 order before 5/13/2024 as Ordered on 7/17/2023; (2) notice [Moore and Lloyd's] demand for a fair rental value of the Subject Property between the 10/4/2018 Order and when [Moore and Lloyd] are put into possession of the Subject Property; (3) and any other additional and further relief which they may be entitled."

(Capitalization and emphasis in original.)

On May 2, 2024, Moore and Lloyd filed a "Motion to Object to Any Further Hearings Due to Lack of Jurisdiction Other Than 'Residual Jurisdiction.'" On the same date, May 2, 2024, the circuit court entered an order that provided: "By agreement of the parties, this matter is set

19

for TRIAL on May 24, 2024, at 10:00 a.m. ..." (Capitalization in original.)

On May 9, 2024, Moore and Lloyd filed a "Motion to Reconsider 5/2/2024 Order" in which they asserted that their counsel

> "never 'agreed' to a further trial in this matter. When counsel for Defendant Mikul ... made his argument for a further trial in this matter during the 4/30/2024 hearing, [counsel for Moore and Lloyd] was shocked at the suggestion that a trial be had on any aspect for the case at bar and stated to [the circuit court] that we had already tried this case and have a final judgment order dated 10/4/2018 so what is being asked to try? [The circuit court] stated that she understood [counsel for Moore and Lloyd's] position but still failed to explain what could possibl[y] be tried six (6) years after the final judgment order of 10/4/2018. [The circuit court] went on to instruct the parties to coordinate their calendars for some trial on an unknown matter to [counsel for Moore and Lloyd]. [Counsel for Moore and Lloyd] asked to be put on notice as to the subject matter for the proposed future trial so he could determine whether the trial court had jurisdiction to hear such a matter but no response was made as to the matter which would be argued at the future trial. There was never a discussion or argument over the extent of the jurisdiction of the trial court for a subsequent trial or the subject matter for the said trial or justification for another trial."

The motion went on to argue that the circuit court lacked jurisdiction to hold a "trial" on matters in the case because it retained only residual jurisdiction stemming from the October 4, 2018, order that it had certified as final. An affidavit from counsel for Moore and Lloyd was attached to the motion.

According to Moore and Lloyd, they did not appear before the circuit court on May 24, 2024. On May 28, 2024, the circuit court entered an order that, in pertinent part, stated:

> "The previously set trial in this matter is hereby CONTINUED to October 7, 2024, at 9:00 a.m. …
>
> "All subpoenas are hereby continued."

(Capitalization in original.)

On June 17, 2024, Moore and Lloyd filed the present petition with this Court. On July 17, 2024, this Court ordered answers and briefs to be filed.

## II. Standard of Review

As we noted at the outset of this opinion, Moore and Lloyd seek a writ of mandamus and a writ of prohibition.

> " 'Mandamus is an extraordinary remedy and will be granted only where there is "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." '

"Ex parte Ocwen Federal Bank, FSB, 872 So. 2d 810, 813 (Ala. 2003) (quoting Ex parte Alfab, Inc., 586 So. 2d 889, 891 (Ala. 1991)). …

21

"Like mandamus, prohibition is an extraordinary writ, 'and will not issue unless there is no other adequate remedy.' Ex parte K.S.G., 645 So. 2d 297, 299 (Ala. Civ. App. 1992) (citing Ex parte Strickland, 401 So. 2d 33 (Ala. 1981)). 'Prohibition is proper for the prevention of a usurpation or abuse of power where a court undertakes to act in a manner in which it does not properly have jurisdiction.' Ex parte K.S.G., 645 So. 2d at 299."

Ex parte Sealy, L.L.C., 904 So. 2d 1230, 1232-33 (Ala. 2004). In Ex parte Alabama Board of Pardons & Paroles, 849 So. 2d 255, 257-58 (Ala. Crim. App. 2002), the Court of Criminal Appeals provided a helpful summary of the distinction between the two writs:

"A petition for a writ of mandamus is appropriate when a lower court has failed to act. See Ex parte Jackson, 780 So. 2d 681 (Ala. 2000). A petition for a writ of prohibition is appropriate '"when a court acts in excess of its jurisdiction"; Ex parte City of Tuskegee, 447 So. 2d 713, 716 (Ala. 1984), and because it is "the proper remedy to intercept and put an end to a usurpation of jurisdiction."' Ex parte Coffee County Dep't of Human Res., 771 So. 2d 485, 487 (Ala. Civ. App. 2000), quoting, Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940). As the Alabama Supreme Court stated in Ex parte Maye, 799 So. 2d 944 (Ala. 2001):

"'"'A writ of prohibition is an extraordinary writ which is to be employed with extreme caution and used only in cases of extreme necessity. Ex parte State Dep't of Mental Health & Mental Retardation, 536 So. 2d 78 (Ala. Civ. App. 1988); see also Ex parte Perry County Board of Education, 278 Ala. 646, 180 So. 2d 246 (1965).

22

Prohibition is not a favored writ and will not issue unless there is no other adequate remedy. Ex parte Strickland, 401 So. 2d 33 (Ala. 1981); Barber Pure Milk Co. of Montgomery, Inc. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So. 2d 693 (1963); Ex parte Burch, 236 Ala. 662, 184 So. 694 (1938). The petition for the writ "properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction." Ex parte City of Tuskegee, 447 So. 2d 713, 716 (Ala. 1984). The writ is preventive rather than corrective and is utilized to prevent the usurpation of excessive jurisdiction by a judicial tribunal. Ball v. Jones, 272 Ala. 305, 132 So. 2d 120 (1961); see also Mental Health, supra. Issuance of a writ of prohibition lies within the discretion of the court, and the writ is granted or withheld according to the nature and circumstances of the case, not as a matter of right. Barber, supra; Dear v. Peek, 261 Ala. 137, 73 So. 2d 358 (1954). "Prohibition is the proper remedy to intercept and put an end to usurpation of jurisdiction." Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940).'"'

"799 So. 2d at 947, quoting Ex parte Moody, 681 So. 2d 276, 276-77 (Ala. Crim. App. 1996), quoting in turn Ex parte Shoemaker, 644 So. 2d 958, 959 (Ala. Civ. App. 1993), rev'd on other grounds, 644 So. 2d 961 (Ala.), on remand, 644 So. 2d 966 (Ala. Civ. App. 1994)."

### III. Analysis

Moore and Lloyd contend that the circuit court has exceeded its discretion by failing to dissolve the stay that was entered in the October 4, 2018, order in which the circuit court concluded that there was "no legal way [or] avenue to prevent [Moore and Lloyd] from taking possession of the subject property" yet, at the same time, pronounced that "[t]he above-styled Order of Immediate Possession is hereby immediately stayed." (Capitalization in original.) Moore and Lloyd seek a writ of mandamus directing the circuit court to dissolve the stay that has been in place for six years.[3] Concomitantly, Moore and Lloyd argue that the circuit court exceeded its residual jurisdiction in this case when, on May 2, 2024, it ordered that "this matter is set for TRIAL on May 24, 2024," and, on May 28, 2024, ordered that "[t]he previously set trial in this matter is hereby CONTINUED to October 7, 2024." (Capitalization in original.) Moore and Lloyd seek a writ of prohibition directing the circuit court to vacate its May 2024 orders and to limit its jurisdiction to the

---

[3]We note that although Moore and Lloyd seek dissolution of the stay entered in the October 4, 2018, order, the circuit court, according to its April 25, 2018, order, originally entered a stay of the writ of execution in its January 4, 2018, order. Thus, a stay has been in place for almost seven years.

24

"residual jurisdiction" that exists to interpret, clarify, and enforce the October 4, 2018, order that it certified as final.

In support of their arguments, Moore and Lloyd unsurprisingly rely on this Court's opinion in Moore. Moore and Lloyd observe that in Moore the Court held that the reason the relief they sought in that appeal was due to be denied was because Moore and Lloyd had failed to argue to the circuit court that the stay was "immoderate" and because, "[t]o the extent that [Moore and Lloyd sought] a dissolution of the stay entered by the circuit court pertaining to the execution of its October 2018 order in case no. CV-16-900764, a dissolution should be sought in that action." 359 So. 3d at 279. Moore and Lloyd note that they have now remedied those two deficiencies because on January 23, 2022, they filed in case no. CV-16-900764 a motion seeking "to dissolve the stay [the circuit court] put into place in its 10/4/2018 Order." In that motion, Moore and Lloyd specifically argued that the stay entered by the circuit court in its October 4, 2018, order was "immoderate" and that it should be dissolved so that Moore and Lloyd can finally take possession of the property. In making that argument, Moore and Lloyd quoted from Moore concerning what

25

constitutes an "immoderate" stay, and they do the same in their petition.

In <u>Moore</u>, this Court stated:

> "[I]n <u>Ex parte American Family Care, Inc.</u>, 91 So. 3d 682, 683 (Ala. 2012), a trial court entered an indefinite stay of a pending action without expressing a reason for doing so. In granting mandamus relief, this Court stated:
>
> > "'It is well established that "[a] stay must not be 'immoderate.'"" <u>Ortega Trujillo v. Conover & Co. Commc'ns, Inc.</u>, 221 F.3d 1262, 1264 (11th Cir. 2000) (quoting <u>CTI-Container Leasing Corp. v. Uiterwyk Corp.</u>, 685 F.2d 1284, 1288 (11th Cir. 1982)). "In considering whether a stay is 'immoderate,' [appellate courts] examine both the scope of the stay (including its potential duration) and the reasons cited by the [trial] court for the stay." <u>Id.</u> Clearly, the indefinite stay ordered by the trial court, with no stated justification for it, is immoderate and, consequently, beyond the scope of the trial court's discretion.'"

359 So. 3d at 278.

In <u>Moore</u>, we noted that the execution of the October 4, 2018, order "is apparently still stayed." <u>Id.</u> at 279. Based on what has been presented to us through Moore and Lloyd's petition, that has not changed. On October 6, 2022, the circuit court entered an order stating that Moore and Lloyd's "motion to dissolve stay is moot" without explaining why that was the case. On January 17, 2023, Mikul filed, among other things, a motion to extend the stay, implying that the stay had not been dissolved. On

26

March 1, 2023, the circuit court entered an order requiring the parties "to mediate this matter" without expounding on what such mediation entailed. On July 17, 2023, the circuit court entered an order stating that "[t]he agreement to mediate the financial collateral issues herein shall be enforced" and declaring that, "[a]fter the completion of the agreed upon mediation in 90 (ninety) days, this Court shall enter an Order lifting the stay as required by law." The parties agree that mediation did occur and that their disagreements were not resolved. In their May 1, 2024, "Motion to Clarify Results of April 30, 2024, Hearing," Moore and Lloyd again requested that the circuit court "dissolve the stay put into place in this matter on its October 2018 order." Instead of acting on that request, the circuit court, on May 2, 2024, entered an order which stated that "this matter is set for TRIAL on May 24, 2024." (Capitalization in original.) After Moore and Lloyd filed an objection to that order, and then failed to appear in court on May 24, 2024, the circuit court entered another order on May 28, 2024, resetting the "trial in this matter" for October 7, 2024. Thus, it appears that the stay imposed on October 4, 2018, remains in place.

When the circuit court entered the stay, it provided its reasons for doing so in its October 4, 2018, order, finding:

"[Mikul] will definitely be irreparably harmed and injured absent a stay, the property is being maintained, evidenced by the stipulated value, therefore, the stay will not substantially injure [Moore and Lloyd], and this Court has weighed [Mikul's] likelihood of success on appeal among all other relevant factors regarding whether a stay should be granted."

However, after that initial explanation for the stay, the circuit court has not provided any further explanation as to why the stay remains in place six years after it was first imposed. As our lengthy rendition of the facts shows, over those years Moore and Lloyd have filed: (1) multiple applications for writs of execution to take possession of the property; (2) multiple motions seeking clarification of the circuit court's October 4, 2018, order and requests to dissolve the stay; (3) responses to Mikul's motions to quash writs of execution in which they objected to the continuation of the stay; (4) a second complaint for ejectment against Mikul; and (5) a specific motion to dissolve the stay imposed in the October 4, 2018, order in case no. CV-16-900764. Thus, Moore and Lloyd have given the circuit court numerous opportunities to explain its reasons for keeping the stay in place, but it has failed to do so. Even after this Court, in Moore, strongly hinted that the stay appeared to be

28

"immoderate" and explained that the circuit court had residual jurisdiction to dissolve the stay, the circuit court declined to dissolve the stay and instead set the matter for a "trial" without further explaining the nature of that proceeding. Given the foregoing circumstances and the fact that the stay has been in place for six years, we are forced to conclude that the stay is indefinite and without continued justification; therefore, the stay is immoderate and beyond the circuit court's discretion. Accordingly, Moore and Lloyd are entitled to a writ of mandamus, and we direct the circuit court to dissolve the stay that was imposed in its October 4, 2018, order.

As we already have noted, Moore and Lloyd also seek a writ of prohibition directed to the circuit court's May 2, 2024, and May 28, 2024, orders that set this matter for a trial. On that front, Moore and Lloyd observe that in Moore this Court

> "note[d] that '[a] trial court has inherent authority to interpret, clarify, and enforce its own final judgments.' State Pers. Bd. v. Akers, 797 So. 2d 422, 424 (Ala. 2000). See also Ex parte Caremark Rx, LLC, 229 So. 3d 751, 757 (Ala. 2017) ('[A] trial court nevertheless continues to hold "residual jurisdiction" even after that 30-day period [imposed by Rule 59, Ala. R. Civ. P.,] expires such that it can still take any steps that are necessary to enforce its judgment.'); but see George v. Sims, 888 So. 2d 1224, 1227 (Ala. 2004) ('Although a trial court has "residual jurisdiction or authority to take certain

29

actions necessary to enforce or interpret a final judgment," that authority is not so broad as to allow substantive modification of an otherwise effective and unambiguous final order. Helms v. Helms' Kennels, Inc., 646 So. 2d 1343, 1347 (Ala. 1994).')."

359 So. 3d at 279. Moore and Lloyd contend that the circuit court's May 2024 orders do not fall within the circuit court's residual jurisdiction because ordering a new trial extends beyond what is necessary to interpret, clarify, or enforce the October 4, 2018, order that it certified as final.

Mikul contends that the circuit court's May 2024 orders are within its residual jurisdiction because

"[t]he trial court has not set a 'second trial.' The trial court has set a hearing on [Moore and Lloyd's] motion to lift [the] stay and [Mikul's] motion to extend [the] stay. By setting the hearing on [Moore and Lloyd's] motion the trial court provided [Moore and Lloyd] with the opportunity to prove and obtain the relief they are seeking. By scheduling the hearing, the trial court has exercised the 'residual jurisdiction' that [Moore and Lloyd] asked the trial court to exercise but complain of in this petition."

Answer, p. 2 (capitalization altered; emphasis omitted).

The problem with Mikul's argument is that it does not plausibly comport with the procedural history that has transpired. On October 6, 2022, the circuit court entered an order that stated that Moore and

30

Lloyd's "motion to dissolve stay is moot." In her November 28, 2022, motion to quash Moore and Lloyd's applications for writs of execution, Mikul contended that the circuit court had concluded that Moore and Lloyd's motion to dissolve the stay was moot because "there was no active case in which [Moore and Lloyd] could file that motion." However, on January 17, 2023, Mikul filed, among other things, a motion seeking an order for the parties to mediate their dispute. On June 23, 2023, the circuit court entered an order requiring the parties to mediate and, on July 17, 2023, entered an order stating, in pertinent part, that, "[a]fter the completion of the agreed upon mediation in 90 (ninety) days, this Court shall enter an Order lifting the stay as required by law." The parties agree that a mediation was held on February 12, 2024, but that no resolution was reached on outstanding issues. Despite the fact that mediation occurred and despite what the circuit court stated in its July 17, 2023, order, the circuit court did not dissolve the stay. Instead, on March 26, 2024, the circuit court entered an order stating: "This matter is hereby set <u>for Hearing</u> on April 30, 2024, at 9:00 a.m. … All pending motions and responsive pleadings will be heard on this date." (Emphasis added.) A hearing was held on April 30, 2024, but apparently that

31

hearing was not conclusive because then the circuit court in its May 2024 orders set the matter for "trial."

If the circuit court's May 2024 orders were merely setting a "hearing" to entertain the parties' motions concerning the stay -- as Mikul insists they were -- why did those orders state that the matter was set for a "trial" rather than for a "hearing" as the circuit court's March 26, 2024, order did? Perhaps more importantly, given the foregoing procedural history, why was it necessary for the circuit court to hold yet another "hearing" concerning the status of the stay? Moore and Lloyd had repeatedly raised that issue, and the circuit court, as well as Mikul, apparently believed that it was "moot." Moore and Lloyd have been attempting to gain possession of the property for several years, and thus they also have been attempting to have the stay dissolved through numerous legal avenues. In short, it is implausible that the circuit court was simply holding another hearing concerning Moore and Lloyd's motion to dissolve the stay.

Holding another trial on the matter is clearly not within the boundaries of residual jurisdiction. As the Court noted in <u>Moore</u> in quoting from <u>George v. Sims</u>, 888 So. 2d 1224, 1227 (Ala. 2004), " 'residual

32

jurisdiction …' is not so broad as to allow substantive modification of an otherwise effective and unambiguous final order." 359 So. 3d at 279. Another trial would allow for relitigation of issues that were finally determined six years ago, which, it should go without saying, is beyond the scope of residual jurisdiction. Therefore, we conclude that Moore and Lloyd are entitled to a writ of prohibition directing the circuit court to vacate its May 2024 orders and to restrict any future orders in this case to winding up this litigation after it dissolves the stay that has prevented its judgment of immediate possession of the property from taking effect.

## IV. Conclusion

"[T]rial courts must strive to bring finality to judgments. This Court has stated:

> " 'Our society benefits from a judicial system that recognizes and respects the finality and definiteness of a trial court's "final judgment" deciding what was previously disputed and uncertain. If the rights of litigants were allowed to remain unsettled indefinitely, chaos would surely result.' "

Mississippi Valley Title Ins. Co. v. Hooper, 707 So. 2d 209, 214 (Ala. 1997) (quoting Helms v. Helms' Kennels, Inc., 646 So.2d 1343, 1347 (Ala. 1994)).

33

A stay of the October 4, 2018, order that was certified as final in this case, which had awarded immediate possession of the property to Moore and Lloyd, has been in place for six years, with no dissolution of the stay seemingly in sight. Such an indefinite stay thwarts the finality of the judgment, and it has precipitated a perpetual stream of litigation in the circuit court and in this Court related to that judgment. It is time for the uncertainty to end. We therefore issue a writ of mandamus directing the circuit court to dissolve the stay that was imposed in its October 4, 2018, order, and we issue a writ of prohibition requiring the circuit court to vacate its May 2024 orders setting this case for a trial and restricting the circuit court to issuing future orders that will wind up this litigation.

PETITION GRANTED; WRITS ISSUED.

Parker, C.J., and Shaw, Wise, Bryan, Sellers, Stewart, Mitchell, and Cook, JJ., concur.